O’Donnell, J.
{¶ 1} This case presents the question of whether the purchaser of an automobile may use parol evidence to contradict the terms of a final written purchase agreement in a Consumer Sales Practices Act action against an automobile dealer who allegedly failed to integrate an oral representation into the final written purchase agreement. Absent fraud, mistake, or other invalidating cause, a final written agreement may not be contradicted by evidence of a prior or contemporaneous oral agreement, and therefore a consumer may not use parol evidence to contradict the final written agreement to prove a violation of the Consumer Sales Practices Act. Accordingly, we reverse the judgment of the court of appeals.
*547 Facts and Procedural History
{¶ 2} In October 2004, appellee Reynold Williams Jr. purchased a 2004 GMC Yukon SLT from appellant Spitzer Autoworld Canton, L.L.C. The purchase agreement specified that appellee would receive a trade-in allowance of $15,500 for his 2003 Ford Explorer and also contained a merger clause, providing that it comprised the entire agreement between the parties. Almost two years later, Williams filed this action in the common pleas court alleging, among other claims, that Spitzer violated the Consumer Sales Practices Act (“CSPA”), R.C. Chapter 1345, by not integrating a prior oral agreement — that he would receive a trade-in allowance of $16,500 for the Ford Explorer — into the purchase agreement. Although he admitted at trial that on the final written purchase agreement, the “trade allowance is about as bold of print there as anywhere on that form,” Williams explained that he did not notice that the contract provided a trade-in allowance of $15,500 rather than the promised $16,500 because he had focused on whether he could afford the monthly payment. According to Williams, he did not discover the discrepancy until weeks later, when the dealership informed him that his financing had been declined and that he owed an additional $2,000 to pay off the loan secured by the Explorer. However, even though he believed that he had received too little for his Explorer, he brought the dealership two separate checks for $1,000 each.
{¶ 3} At trial, Thomas Capozzi, the salesman who sold the Yukon to Williams, testified that he had not promised Williams a $16,500 trade-in allowance for the Explorer, and the finance manager who worked on the deal explained that he had gone over the information on the final purchase agreement with Williams, including the $15,500 trade-in allowance and the final purchase price of the Yukon. In rebuttal, Williams testified that no one went through the purchase agreement with him line by line and that he did not agree to a trade-in allowance of $15,500.
{¶ 4} The jury found that Spitzer knowingly violated the CSPA by orally promising Williams $1,000 more than it provided in the written purchase agreement, and it awarded him $2,500 in compensatory damages. The trial court entered a judgment in favor of Williams, imposed treble damages pursuant to R.C. 1345.09(B), and awarded attorney fees.
{¶ 5} Spitzer appealed, contending that the parol evidence rule barred introduction of evidence of a prior oral agreement relating to a trade-in allowance that contradicted the written purchase agreement for the Yukon. The Fifth District Court of Appeals rejected that argument and affirmed the judgment, holding that the parol evidence rule does not apply to a claim brought pursuant to the CSPA “ ‘ “because the claim is based not on the contract, but on oral or other misrepresentations.” ’ ” Williams v. Spitzer Auto World Canton L.L.C., Stark *548 App. No. 2007 CA 00187, 2008-Ohio-2535, 2008 WL 2572378, at ¶ 18, quoting Wall v. Planet Ford, Inc., 159 Ohio App.3d 840, 2005-Ohio-1207, 825 N.E.2d 686, at ¶ 25, quoting Doody v. Worthington (Apr. 10, 1991), Franklin M.C. No. M 9011 CVI-37581, 1991 WL 757571, *3. The appellate court explained that the CSPA protects consumers in a manner not available under the common law and that as a remedial law, it is to be liberally construed. Id. at ¶ 18-19.
{¶ 6} We accepted Spitzer’s discretionary appeal to determine whether the parol evidence rule applies to actions brought pursuant to the CSPA and precludes evidence of a prior oral agreement that contradicts a final written agreement. Williams v. Spitzer Autoworld Canton, L.L.C., 119 Ohio St.3d 1485, 2008-Ohio-5273, 894 N.E.2d 1243.
Proposition of Law
{¶ 7} Spitzer contends that the parol evidence rule applies to CSPA claims arising out of contractual relationships and that it prohibits testimony regarding prior oral agreements that specifically contradict terms in the final written contract. It asserts that applying the parol evidence rule to Williams’s claim upholds the enforceability of written contracts and does not jeopardize the legislature’s purpose in enacting the CSPA because the exceptions to the parol evidence rule (to supply a missing term, to clarify an ambiguity, and to vitiate a contract when fraud is involved) adequately protect consumers.
{¶ 8} Williams maintains that he did not offer parol evidence to contradict or invalidate the contract; instead, he claims that he sought to prove that Spitzer committed an unfair or deceptive act when it failed to integrate a prior oral agreement regarding the trade-in allowance into the written purchase agreement. He argues that common law contract defenses do not apply to statutory causes of action such as the CSPA, and he emphasizes that regulations promulgated by the attorney general expressly make it a deceptive and unfair act for a dealer not to integrate all oral promises made to the consumer into the written contract. Further, Williams cites authority from other jurisdictions in support of the proposition that the parol evidence rule does not apply to claims brought pursuant to consumer protection statutes when an oral representation is the basis for the claim.
{¶ 9} We are therefore called upon to resolve the question whether the parol evidence rule applies to claims brought pursuant to the CSPA and bars testimony regarding prior oral representations that contradict a final written contract when the alleged unfair or deceptive act is the failure to integrate the oral representations into the signed writing.
*549 Law and Analysis
{¶ 10} The CSPA prohibits unfair or deceptive acts and unconscionable acts or practices by suppliers in consumer transactions whether they occur before, during, or after the transaction. R.C. 1345.02(A) and 1345.03(A). The parties do not dispute that the sale of the Yukon involved a consumer transaction by a supplier regulated by the CSPA.
{¶ 11} The General Assembly has delegated authority to the attorney general to “[a]dopt, amend, and repeal substantive rules defining with reasonable specificity acts or practices that violate sections 1345.02 [and] 1345.03 * * * of the Revised Code.” R.C. 1345.05(B)(2). Pursuant to this authority, the attorney general has promulgated Ohio Adm.Code 109:4-3-16(B)(22), which makes it a violation of the CSPA for a “dealer * * * in connection with the advertisement or sale of a motor vehicle, to * * * [flail to integrate into any written sales contract, all material statements, representations or promises, oral or written, made prior to obtaining the consumer’s signature on the written contract with the dealer.”
{¶ 12} However, Williams relies on parol evidence to' establish his claim that Spitzer failed to integrate an oral agreement relating to the trade-in allowance into the written purchase agreement. The parol evidence rule provides that “ ‘absent fraud, mistake or other invalidating cause, the parties’ final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.’ ” Galmish v. Cicchini (2000), 90 Ohio St.3d 22, 27, 734 N.E.2d 782, quoting 11 Williston on Contracts (4th Ed.1999) 569-570, Section 33:4. “The principal purpose of the parol evidence rule is to protect the integrity of written contracts.” Id. “By prohibiting evidence of parol agreements, the rule seeks to ensure the stability, predictability, and enforceability of finalized written instruments.” Id.
{¶ 13} This transaction also falls under the Uniform Commercial Code (“UCC”), which regulates the sale of goods. The UCC’s parol evidence rule provides, “Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement * * *.” R.C. 1302.05. In addition, “[t]he Code does not displace pre-Code law governing evidence in general, nor the admissibility of parol evidence in particular.” (Footnotes omitted.) 1A Anderson on the Uniform Commercial Code (3d Ed.1996) 765, Section 2-106:7; see also 11 Williston on Contracts at 581 (“Cases interpreting the Code’s parol evidence provisions indicate that, except to the extent the admissibility of evidence of a course of dealing, usage of trade and course of performance are concerned, they *550 liberalize the traditional parol evidence rule only slightly”). Pertinent here is the fact that the common law and statutory parol evidence rules both bar the use of parol evidence to contradict a written contract.
{¶ 14} As we have explained, “[t]he parol evidence rule is a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract with evidence of alleged or actual agreements. ‘When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.’ ” (Citation omitted.) Ed Schory & Sons, Inc. v. Soc. Natl. Bank (1996), 75 Ohio St.3d 433, 440, 662 N.E.2d 1074, quoting 3 Corbin, Corbin on Contracts (1960) 357, Section 573.
{¶ 15} Courts have taken the view that as the prohibitions of the parol evidence rule are a matter “ ‘of substantive law and not a mere rule of evidence, testimony introduced in violation of the rule, even in the absence of objection thereto, can be given no legal effect.’ ” 11 Williston on Contracts at 581, quoting Natl. Sur. Corp. v. Curators of Univ. of Missouri ex rel. Paul Mueller Co. (C.A.8,1959), 268 F.2d 525; see also In re Estate of Holden (2000), 343 S.C. 267, 276, 539 S.E.2d 703 (“The parol evidence rule is a rule of substantive law, not a rule of evidence. Accordingly, admission of evidence violating the parol evidence rule is legally incompetent and should not be considered even if no objection is made at trial”); Friedman-Deems Co. v. Zimmerman (Dec. 22, 1977), Franklin App. No. 77AP-388, 1977 WL 200678, *2 (“the failure of appellant to object to the parol evidence or to instructions of the trial court to the jury in this regard does not constitute a waiver of the plain and ambiguous terms of the contract defining the obligations of the parties in respect to the commission. Irrespective of who introduces the testimony or under what circumstances, if introduced in violation of the parol evidence rule, it has no legal effect”).
{¶ 16} Further, we have previously recognized that the parol evidence rule has application to claims beyond those sounding in contract. In Ed Schory & Sons, 75 Ohio St.3d at 440, 662 N.E.2d 1074, we applied the parol evidence rule to a claim alleging the tort of negligent misrepresentation, and we emphasized that “the parol evidence rule will not be overcome by merely alleging that a statement or agreement made prior to an unambiguous written contract is different from that which is contained in the contract.” See also J.A. Industries, Inc. v. All Am. Plastics, Inc. (1999), 133 Ohio App.3d 76, 89, 726 N.E.2d 1066 (applying the UCC parol evidence rule to a negligent-misrepresentation claim). Because the parol evidence rule is substantive in nature and not limited in application to contract *551 claims, we conclude that it also applies to statutory causes of action such as the CSPA.
{¶ 17} The court of appeals, relying on a decision of the Second District Court of Appeals, concluded that the parol evidence rule has no application in the context of an action alleging a violation of the CSPA. Williams, 2008-Ohio-2535, 2008 WL 2572378, ¶ 18. Although we recognize that the General Assembly has the authority to abrogate the parol evidence rule, “ ‘the general assembly will not be presumed to have intended to abrogate a settled rule of the common law unless the language used in a statute clearly supports such intention.’ ” Mandelbaum v. Mandelbaum, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, at ¶ 29, quoting State ex rel. Hunt v. Fronizer (1907), 77 Ohio St. 7, 16, 82 N.E. 518. Our cases have long established that the parol evidence rule bars extrinsic evidence of prior oral representations that contradict the parties’ final written contract, and R.C. 1302.05 has codified this rule of law rather than abrogating it. No plain and express language in the CSPA manifests the General Assembly’s intent to limit the application of the parol evidence rule in the causes of action that the CSPA establishes.
{¶ 18} Nor has the General Assembly delegated authority to the attorney general to abrogate the parol evidence rule. “ ‘Rules promulgated by administrative agencies are valid and enforceable unless unreasonable or in conflict with statutory enactments covering the same subject matter.’ ” Hoffman v. State Med. Bd. of Ohio, 113 Ohio St.3d 376, 2007-Ohio-2201, 865 N.E.2d 1259, at ¶ 17, quoting State ex rel. Curry v. Indus. Comm. (1979), 58 Ohio St.2d 268, 269, 12 O.O.3d 271, 389 N.E.2d 1126. A rule that is in conflict with law is invalid and unconstitutional because it usurps the General Assembly’s legislative function. Blue Cross of Northeast Ohio v. Ratchford (1980), 64 Ohio St.2d 256, 259, 18 O.O.3d 450, 416 N.E.2d 614 (“the General Assembly is precluded from delegating its legislative function * * * ”).
{¶ 19} Here, Ohio Adm.Code 109:4-3-16(B)(22) provides that an automobile dealer violates the CSPA if it fails to integrate all oral representations and promises made prior to obtaining the consumer’s signature on the written contract into that contract. To the extent that Ohio Adm.Code 109:4-3-16(B)(22) conflicts with the parol evidence rule as codified by R.C. 1302.05 and allows parol evidence contradicting the final written contract, Ohio Adm.Code 109:4-3-16(B)(22) constitutes an unconstitutional usurpation of the General Assembly’s legislative function and is therefore invalid.
{¶ 20} The parol evidence rule applies to actions brought pursuant to the CSPA, and absent proof of fraud, mistake, or other invalidating cause, a consumer may not present extrinsic evidence contradicting the parties’ final written contract to prove a violation of that act. Here, Williams testified that Spitzer *552 orally agreed to give him $16,500 as a trade-in allowance for his Explorer. This extrinsic evidence contradicts the final written contract, which specifies a trade-in allowance of $15,500 for that vehicle. Thus, the parol evidence rule requires exclusion of Williams’s testimony absent proof of fraud, mistake, or other invalidating cause.
Conclusion
{¶ 21} Like the common law parol evidence rule, the parol evidence rule codified by R.C. 1302.05 serves to ensure the stability, predictability, and enforceability of finalized written contracts. The rule promulgated by the attorney general in Ohio Adm.Code 109:4 — 3—16(B)(22) seeks to protect consumers from unscrupulous sales practices and to prevent sellers from making oral promises secure in the knowledge that the parol evidence rule would render those promises unenforceable. However, it is the role of the General Assembly, rather than the attorney general or this court, to declare the policy of the state of Ohio. See State ex rel. Curtis v. DeCorps (1938), 134 Ohio St. 295, 298, 12 O.O. 96, 16 N.E.2d 459 (an administrative rule-making authority “may enforce but may not declare public policy”); State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, at ¶ 21 (“the General Assembly is the ultimate arbiter of public policy”); Carroll v. Dept. of Adm. Servs. (1983), 10 Ohio App.3d 108, 110, 10 OBR 132, 460 N.E.2d 704 (“In the absence of clear legislative authorization, declarations of policy, of the nature involved in this rule, are denied administrative agencies and are reserved to the General Assembly”).
{¶ 22} Thus, the administrative rule promulgated by the attorney general is not enforceable because it is in conflict with a statute, and the parol evidence rule applies to claims alleging violations of the CSPA. Accordingly, we reverse the judgment of the court of appeals.
Judgment reversed.
Moyer, C.J., and Lundberg Stratton, O’Connor, and Cupp, JJ., concur.
Pfeifer, J., concurs in judgment only.
Lanzinger, J., concurs in paragraph two of the syllabus and in judgment only.