**KEEL, Appellant,**

v.

**TOLEDO HARLEY–DAVIDSON/BUELL, Appellee, et al.**

[Cite as *Keel v. Toledo Harley–Davidson/Buell,* 184 Ohio App.3d 348, 2009-Ohio-5190.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–09–1057.

Decided Sept. 30, 2009.

Abbey M. Flynn, for appellant.

David A. Brown, Deanna L. Stockamp, and Stephen D. Brown, for appellee.

PIETRYKOWSKI, Judge.

{¶ 1} Plaintiff-appellant, Larry Keel, appeals the January 22, 2009 judgment of the Lucas County Court of Common Pleas, which granted defendant-appellee Toledo Harley–Davidson/Buell's motion for summary judgment. For the reasons set forth herein, we affirm in part and reverse in part.

{¶ 2} The facts of this case are as follows. On March 6, 2008, appellant purchased a used 2007 Harley–Davidson motorcycle from appellee for $23,761.54. Appellant had possession of the motorcycle for 19 days and had driven it 91 miles when he returned to appellee's dealership complaining that the engine was making a ticking noise. Work was performed on the motorcycle, and it was returned to appellant. On June 10, 2008, appellant returned to the dealership, again complaining of the engine tick. The dealership took the motorcycle for a test ride and over eight days performed diagnostic and repair work. Appellee claimed that the problem had been resolved, because after repair the issue could not be duplicated. Three days later, appellant again returned to the dealership, still complaining of the noise coming from the motor. The dealership performed work on the motorcycle, and it was not returned to appellant until 21 days later. On July 30, 2008, for the fourth time, appellant returned to the dealership, complaining of the ticking noise from the motor. Once again, the motorcycle was returned to him, and appellee alleged that the problem was resolved. According to appellant, he then took the motorcycle to another Harley–Davidson dealership, where he was informed that the engine had a major defect and would cost approximately $2,000 to repair.

{¶ 3} On October 2, 2008, appellant filed a complaint against appellee, alleging violations of the Ohio Consumer Sales Practices Act, Ohio's Lemon Law, breach of express and implied warranties, and breach of the Magnuson–Moss Warranty Act. On November 4, 2008, appellee filed a motion to dismiss and an alternative motion for summary judgment. On January 23, 2009, the Lucas County Court of Common Pleas granted appellee's motion for summary judgment. Appellant then filed the instant appeal, asserting three assignments of error:

{¶ 4} "I. The trial court erred in improperly granting summary judgment in favor of defendant as to the Ohio Lemon Law Claim.

{¶ 5} "II. The trial court erred in granting summary judgment in favor of defendant as to the breach of warranty claim.

{¶ 6} "III. The trial court erred in granting summary judgment in favor of defendant as to the Magnuson–Moss Warranty Act and Consumer Sales Practices Act."

{¶ 7} This court shall employ a de novo standard in reviewing the grant of a motion for summary judgment. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. The trial court's judgment is not afforded any deference, and this court applies the same test, set forth in Civ.R. 56(C), as the trial court. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come but to one conclusion; and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 617 N.E.2d 1123.

{¶ 8} In his first assignment of error, appellant contends that the trial court erred when deciding that the Ohio Lemon Law does not apply because appellee is not a manufacturer. Ohio's Lemon Law provides a cause of action for any consumer against a manufacturer. R.C. 1345.75(A). A "manufacturer" means a "person who manufactures, assembles, or imports motor vehicles, including motor homes, but does not mean a person who only assembles or installs a body, special equipment unit, finishing trim, or accessories on a motor vehicle chassis supplied by a manufacturer or distributor." R.C. 4517.01(R). In the case at bar, appellee is an authorized motor-vehicle dealer. Appellant contends that the installation of a new motor classifies appellee as the manufacturer of the motorcycle he purchased. However, appellee merely installed a new motor that was supplied by a separate manufacturer. Accordingly, appellee does not constitute a manufacturer, and a claim cannot be brought for failure to

comply with Ohio's Lemon Law. Appellant's first assignment of error is not well taken.

{¶ 9} In appellant's second assignment of error, he contends that the trial court erred when it ruled that the "as is" disclaimer waived any express warranties and there was no evidence of an implied warranty. "[U]nless the circumstances indicate otherwise all implied warranties are excluded by expressions like 'as-is,' 'with all faults,' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." R.C. 1302.29(C)(1). Appellant asserts that appellee's statement that the motorcycle was reliable, dependable, and had no defects precluded the "as is" clause printed on the Retail Order and any other disclaimer of warranties. "The Uniform Commercial Code provides that in situations where express warranties are made during the bargain, but then allegedly disclaimed in the actual sales contract, preference is to be given to the express warranties and inconsistent disclaimers are inoperative to the extent they are unreasonable." *Barksdale v. Van's Auto Sales, Inc.* (1989), 62 Ohio App.3d 724, 728, 577 N.E.2d 426. The *Barksdale* court relied on R.C. 1302.29(A) when ruling that an express warranty takes precedence over an "as is" clause; however, R.C. 1302.29(A) includes a limitation that the section is "subject to the provisions of section 1302.05 of the Revised Code on parol or extrinsic evidence." R.C. 1302.05 states:

{¶ 10} "Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement."

{¶ 11} In the case at bar, the retail order executed at the time appellant purchased the motorcycle constituted a final expression of the agreement between the parties. The retail order contained a merger clause, which stated: "The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized." The inclusion of the merger clause indicates that the writing is fully integrated and it supersedes any previous agreements or understandings between the parties. Accordingly, because the disclaimer waived all express or implied warranties, appellant's second assignment of error is not well taken.

{¶ 12} Appellant contends in his third assignment of error that the trial court erred in granting summary judgment in favor of appellee as to the Magnuson–Moss Warranty Act and the Ohio Consumer Sales Practices Act. In

order to prevail under the Magnuson–Moss Warranty Act, the plaintiff must establish that the item at issue was subject to a warranty. *Iams v. Daimler-Chrysler Corp.*, 174 Ohio App.3d 537, 2007-Ohio-6709, 883 N.E.2d 466, ¶ 57. In reviewing appellant's second assignment of error, we held that no implied or express warranties existed in the retail order or sales negotiation among the parties. Accordingly, appellant's argument regarding the Magnuson–Moss Warranty Act is not well taken.

■ {¶ 13} Appellant also contends that the trial court erred in granting summary judgment in favor of appellee as to the Ohio Consumer Sales Practices Act ("CSPA"). In his complaint, appellant claims to have purchased the motorcycle in reliance upon representations made by appellee that the motorcycle was reliable, dependable, and had no defects. Appellant asserts that by making representations relative to the motorcycle's performance, characteristics and reliability, appellee knowingly committed unfair, deceptive, and unconscionable acts and practices in violation of R.C. 1345.02 and 1345.03.

{¶ 14} The CSPA provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.02(A). R.C. 1345.02(B)(1) prohibits a representation that "the subject of a consumer transaction has * * * performance characteristics * * * that it does not have." Further, R.C. 1345.02(B)(2) states that the act or practice of a supplier in representing "[t]hat the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not" is deceptive.

{¶ 15} The CSPA further states that "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." R.C. 1345.03(A). In determining whether an act or practice is unconscionable, whether the supplier knowingly made a misleading statement of opinion on which the consumer was likely to rely to his detriment shall be taken into consideration. R.C. 1345.03(B)(6).

■ {¶ 16} In the case at bar, appellee, as the party moving for judgment as a matter of law, did not fulfill its burden of proving the absence of a genuine issue as to appellant's CSPA claim. In its motion for summary judgment, when addressing the CSPA claim, appellee asserted that because appellant purchased the motorcycle without warranty, he could not prevail on his CSPA claim. Likewise, in its judgment entry, the trial court never sufficiently addressed the CSPA claim; it merely held that despite the disclaimer with regards to an "as is"

sale in the retail order, appellant decided to go ahead with the purchase of the motorcycle.

{¶ 17} The Eighth District Court of Appeals has pointed out that a plaintiff without a warranty claim may still have a cause of action under the CSPA. *Fletcher v. Don Foss of Cleveland, Inc.* (1993), 90 Ohio App.3d 82, 88, 628 N.E.2d 60. Violations of the CSPA are enumerated by the act, and any disclaimer of a warranty is ineffective against a claim based on an enumerated violation. Id. "If the act or practice in dispute is one of those specifically listed under R.C. 1345.02, the trier of fact is asked if the act or practice occurred." Id.

{¶ 18} Similar to the present facts, in *Gallagher v. WMK Inc.*, 9th Dist. No. 23564, 2007-Ohio-6615, 2007 WL 4322531, the appellant purchased a used van with a wheelchair lift; the purchase documents contained "as-is-no-warranty" language. Id. at ¶ 1. According to the appellant's deposition testimony, the dealer represented that the vehicle was "safe" to lift his wife when, in fact, the lift malfunctioned, nearly causing her injury. Id. On review, the appellate court concluded that the trial court did not err when it granted summary judgment as to appellant's breach-of-contract claim because there were no warranties, express or implied. Id. at ¶ 22. However, the court did find that issues of fact remained as to whether appellee violated the CSPA. The court noted that the "as-is" clause acted to bar contract and warranty claims, not claims under the CSPA. Id. at ¶ 24. See *Wall v. Planet Ford, Inc.*, 159 Ohio App.3d 840, 2005-Ohio-1207, 825 N.E.2d 686.[1]

{¶ 19} In the case at bar, appellant presented claims under R.C. 1345.02(A) and 1345.03(A). At the time appellee filed its motion to dismiss/motion for summary judgment, virtually no discovery had been conducted. Thus, at this point in the proceedings, a genuine issue of material fact remains as to whether appellee made representations, beyond mere "puffing,"[2] that the motorcycle was reliable, dependable, and had no defects, and whether appellant relied on the representations in purchasing the motorcycle. Appellant's CSPA claims should have precluded summary judgment; therefore, the trial court erred when

---

1. We do acknowledge that *Wall* was the subject of a recent Supreme Court of Ohio case captioned *Williams v. Spitzer Autoworld Canton, L.L.C.*, 122 Ohio St.3d 546, 2009-Ohio-3554, 913 N.E.2d 410. In *Williams,* the court, reversing the appellate court, held that in a CSPA claim, parol evidence, "absent proof of fraud, mistake, or other invalidating cause" may not be used to contradict the parties' final written contract. Id. at paragraph two of the syllabus. In his concurring opinion, Justice Robert Cupp specifically noted that the claims in *Wall* were based on representations that were allegedly deceptive, not the contract itself, id. at ¶ 35; thus, it encompassed an exception to the proscription against parol evidence. Id.

2. Whether a representation is deceptive or just puffing depends on the comment and the context in which it was made. *Gallagher,* 2007-Ohio-6615, 2007 WL 4322531, ¶ 20, citing *Jackson v. Krieger Ford, Inc.* (Mar. 28, 1989), 10th Dist. No. 88AP–1030, 1989 WL 29351.

granting appellee's motion in its entirety. Accordingly, appellant's third assignment of error is well taken in part.

{¶ 20} On consideration whereof, we find that substantial justice was not done the party complaining. The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this decision. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment affirmed in part
and reversed in part,
and cause remanded.

HANDWORK, P.J., and OSOWIK, J., concur.

