[Cite as *Marable v. Michael J. Auto Sales*, 2013-Ohio-1750.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHERYL MARABLE | : | APPEAL NO. C-120373 |
| | | TRIAL NO. 11CV-29996 |
| and | : | |
| CASON HENSLEY, | : | |
| Plaintiffs-Appellees, | : | *O P I N I O N.* |
| vs. | : | |
| MICHAEL J. AUTO SALES, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 1, 2013

*Blankenship, Massey & Associates, PLLC, C. Ed Massey* and *Randy J. Blankenship,* for Plaintiffs-Appellees,

*Paul Croushore,* for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    Defendant-appellant Michael J. Auto Sales appeals from a judgment of the Hamilton County Municipal court in favor of plaintiffs-appellees Cheryl Marable and Cason Hensley.  We find merit in Michael J. Auto Sales's sole assignment of error, and we reverse the trial court's judgment.

{¶2}    The record shows that Marable and Hensley saw an advertisement for a 2001 Honda Odyssey minivan.  It listed the sale price as $3,195 and stated, "Real nice 3-row Honda mini van * * * looks and runs great everything works."  They went to Michael J. Auto Sales's place of business to look at the van.  Hensley and Marable testified that the salesman had told them, "don't worry.  We give a 30 day warranty.  It's not written but we take care of it."

{¶3}    After test driving the van, Marable and Hensley entered into a contract to purchase it for $2,740 and a $60 title fee.  The contract stated that the vehicle was sold "as is" and expressly stated that the seller disclaimed all warranties, express or implied.  The contract also contained a merger clause.  It stated that "[t]he front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized."

{¶4}    After taking the van home, Marable and Hensley began having problems with it.  They took it back to Michael J. Auto Sales.  Its owner, Michael Weinle, stated that he had put transmission fluid in the van and that it had run fine.  Nevertheless, Marable and Hensley continued to have problems with the van.  A few days later, they returned it and demanded their money back.  They testified that Weinle became hostile and cursed at them.  They also testified that they never received the title to the car and

that Michael J. Auto Sales had both the title and their money. Weinle contended that Marable and Hensley never provided him with the paperwork to change the title to their names.

{¶5} Marable and Hensley filed suit against Michael J. Auto Sales in the small claims division of the Hamilton County Municipal Court. After a hearing, a magistrate awarded Marable and Hensley $2,800. The trial court overruled Michael J. Auto Sale's objections to the magistrate's decision, and entered judgment in favor of Marable and Hensley. This appeal followed.

{¶6} In its sole assignment of error, Michael J. Auto Sales contends that the trial court erred in adopting the magistrate's decision and entering judgment for Marable and Hensley. It argues that the parol evidence rule prevented the court from considering any contemporaneous oral agreement that contradicted the terms of the written agreement. It also argues that the trial court's judgment was against the manifest weight of the evidence. This assignment of error is well taken.

{¶7} The parol evidence rule is a rule of substantive law intended to protect the integrity of final, written agreements. If contracting parties integrate their negotiations into an unambiguous and final written agreement, a court many not consider any evidence of prior or contemporaneous negotiations, understandings, promises or representations relating to the terms of the final agreement. *Ed Schory & Sons, Inc. v. Francis*, 75 Ohio St.3d 433, 440, 662 N.E.2d 1074 (1996); *Citicasters Co. v. Brickler & Eckler, LLP*, 149 Ohio App.3d 705, 2002-Ohio-5814, 778 N.E.2d 663, ¶ 7 (1st Dist.).

> When two parties have made a contract and have expressed it in a
> writing to which they have both assented as the complete and accurate

integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.

*Ed Schory* at 440, quoting 3 Corbin, *Corbin on Contracts*, Section 573, at 357 (1960).

{¶8} The Ohio Supreme Court has held that the parol evidence rule applies to actions brought under the Consumer Sales Practices Act. It stated that absent proof of fraud, mistake, or other invalidating cause, a consumer may not present extrinsic evidence contradicting the parties' final written contract to prove a violation of that act. *Williams v. Spitzer Autoworld Canton L.L.C.*, 122 Ohio St.3d 546, 2009-Ohio-3554, 913 N.E.2d 410, paragraph two of the syllabus.

{¶9} In this case, the merger clause in the written contract indicates that the writing is fully integrated, and it supersedes any previous agreements or understandings between the parties. *See Keel v. Toledo Harley-Davidson/Buell*, 184 Ohio App.3d 348, 2009-Ohio-5190, 920 N.E.2d 1041, ¶ 9-11 (6th Dist.). Testimony that a salesman had told Marable and Hensley about an unwritten 30-day warranty clearly contradicted the unambiguous language of the fully-integrated written contract, which stated that no warranties existed and that the van was being sold "as is." Consequently, admission of that testimony violated the parol evidence rule.

{¶10} Marable and Hensley argue that the misrepresentations constituted an "invalidating cause" and that it would be unconscionable to allow a seller to void a misrepresentation by issuing a standardized "as is" contract. But "parties may not prove fraud by claiming that the inducement to enter into an agreement was a promise that was within the scope of the integrated agreement but was ultimately not included in it." *Citicasters*, 149 Ohio App.3d 705, 2002-Ohio-5814, 778 N.E.2d 663, at ¶ 8,

4

quoting *Bollinger, Inc. v. Mayerson*, 116 Ohio App.3d 702, 712, 689 N.E.2d 62 (1st Dist.1996).

{¶11} In this case, the substance of the alleged oral agreement was within the scope of the written agreement. Consequently, Marable and Hensley could not contradict the terms of the written contract with the alleged misrepresentation, and they cannot claim to have justifiably relied on it. *See Citicasters*, 149 Ohio App.3d 705, 2002-Ohio-5814, 778 N.E.2d 663, at ¶ 7-13; *Bollinger* at 712-713. Therefore, the trial court erred in admitting testimony about the alleged oral misrepresentations by the salesman and in relying on it in rendering its judgment.

{¶12} Without the improper testimony, there was no competent, credible evidence to support the trial court's judgment. Therefore it was against the manifest weight of the evidence. *See Shemo v. Mayfield Hts.*, 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000); *Cas. Restoration Serv., LLC v. Jenkins*, 1st Dist. No. C-060983, 2007-Ohio-5131, ¶ 110.

{¶13} Additionally, at the hearing, the magistrate said that the statements in the advertisement to the effect that the car was "nice," that it looked and ran "great" and that "everything work[ed]" created an express warranty. We disagree. "Any affirmation of fact or promise made by the seller which relates to the goods and becomes part of the basis of bargain creates an express warranty that the goods shall conform to the affirmation or promise." R.C. 1302.26(A)(1). But "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." R.C. 1302.26(B).

{¶14} Thus, "puffing" or merely stating the seller's opinion cannot amount to an express warranty. *Leal v. Holtvogt*, 123 Ohio App.3d 51, 66, 702 N.E.2d 1246 (2d

Dist.1998). In this case, the assertions in the advertisement did not cross the line from puffing to warranty. *See id.*; *Chic Promotion, Inc. v. Middletown Sec. Sys., Inc.*, 116 Ohio App.3d 363, 368-369, 688 N.E.2d 278 (12th Dist.1996); *Robinson Mem. Hosp. v. Hi Temp, Inc.*, 11th Dist. No. 94-P-0096, 1995 Ohio App. LEXIS 2979, *11-12 (July 14, 1995). The advertisement was not part of the contract. It was a presale inducement to purchase the automobile, which is the very purpose of advertising. *See Chic Promotion* at 369; *Robinson Mem. Hosp.* at *12.

{¶15} Consequently, we sustain Michael J. Auto Sales's assignment of error. We reverse the trial court's judgment, and we remand the matter to the trial court to enter judgment in favor of Michael J. Auto Sales.

Judgment reversed and cause remanded.

.

**CUNNINGHAM, P.J.,** and **FISCHER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.