O’Neill, J.,
dissenting.
{¶ 44} Respectfully, I dissent.
{¶ 45} I believe that the majority blurs the line between maintaining a class action and meeting the burden of proof in a class action that alleges violations of the Ohio Consumer Sales Practices Act (“OCSPA”), R.C. Chapter 1345. The majority distorts the distinction between the inquiry authorized by Civ.R. 23(B)(3) and the fundamental burden on all tort plaintiffs to prove damages. I write to express my concern that this confusion will fundamentally affect the class-action practice in Ohio. And that would be a terrible outcome, for class actions do indeed provide a vital protection for all citizens of Ohio.
{¶ 46} The majority holds that certifying a class in this case requires showing actual damages, but it fails to state whether this is a requirement under the OCSPA that is independent of the requirements laid out in Civ.R. 23. Instead, this court fuses R.C. 1345.09(B) and the Fed.R.Civ.P. 23(B)(3) predominance principles set forth in Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349-350, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). The majority concludes that the class could not be certified, because appellees, Jeffrey and Stacy Felix, had not shown that all the class members suffered an injury in fact.
*340 {¶ 47} I agree with the majority that Dukes “requires looking into enmeshed legal and factual issues that are part of the merits of the plaintiffs underlying claims,” but “only for the purpose of determining that the plaintiff has satisfied Civ.R. 23.” Majority opinion at ¶ 26. Dukes recognized the “necessity of touching aspects of the merits” in order to decide the very 'preliminary issue of class certification. Dukes at 351; Civ.R. 23(C)(1) (“As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained” [emphasis added]). The majority applies these principles but then elevates the preliminary inquiry into a full-blown examination of whether damages have been proved. This is simply not required in a preliminary inquiry under Civ.R. 23(B)(3). In effect, the majority touches on the merits in order to decide the merits at the class-certification phase. Under the rule announced today by the court, class-action plaintiffs will have to prove their case before they are given the opportunity to prove their case.
{¶ 48} The predominance inquiry under Civ.R. 23(B)(3) requires that plaintiffs show that there are “questions of law or fact that are common to the class.” (Emphasis added.) Stammco, L.L.C. v. United Tel. Co. of Ohio, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 19. Plaintiffs do not need to show up with answers to those questions when they are seeking class certification. Indeed, the United States Supreme Court clarified the preliminary nature of class certification in the post -Dukes era in Amgen, Inc. v. Connecticut Retirement Plans & Trust Funds, -U.S.-, 133 S.Ct. 1184, 185 L.Ed.2d 308 (2013). The court considered whether class-action plaintiffs had to prove an element of their claim as a prerequisite to class certification: “[Fed.R.Civ.P.] 23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class.” (Emphasis sic.) Id. at 1191. The alternative, requiring the plaintiffs to “establish that [they] will win the fray,” would “put the cart before the horse.” Id. Whether the plaintiffs can or have met their burden of proof is a question appropriately relegated to a later phase of litigation — especially with regard to the element of damages. Id. at 1197 (“[An alleged failure of proof as to an element of the plaintiffs’ cause of action] is properly addressed at trial or in a ruling on a summary-judgment motion. The allegation should not be resolved in deciding whether to certify a proposed class”). Under the rule announced today by the majority, from this point forward, courts in Ohio could ignore the guidance of the United States Supreme Court and might require putative class-action plaintiffs to affirmatively prove liability or causation prior to certification of a class. That is nonsense.
{¶ 49} I do not believe that the trial court abused its discretion in determining that appellees met their burden under Civ.R. 23. This case is similar to Amgen, not Dukes. In Amgen, the putative-class plaintiffs alleged that Amgen, Inc., had made misrepresentations regarding its flagship drugs that caused an artificial *341 inflation of Amgen’s stock. Amgen at 1195-1196. Amgen argued that for the class claim to predominate over individual claims, the plaintiffs had to prove that the misrepresentation was material. See id. at 1191, 1195. The court observed that the question of materiality would be an objective one, applicable to the entire class of buyers. Id. at 1196. Therefore, there was no risk that a failure of proof on the issue would require consideration of individualized questions, rather than questions common to the class, about reliance on the misrepresentation. Id. at 1196. Rather, failure of proof on that element would be a “ ‘fatal similarity’ ” that would sink the entire case at a later stage. Id. at 1197, quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L.Rev. 97, 107 (2009).
{¶ 50} In Dukes, the court had to wade into the merits in order to determine whether there was a common policy of discrimination used by all of the thousands of supervisors responsible for each of the 1.5 million putative-class members. 564 U.S. 356-358,131 S.Ct. at 2541, 180 L.Ed.2d 374. The court’s limited inquiry into the merits clarified that factual questions about discriminatory personnel practices would differ at each Wal-Mart store, and thus it was proper not to certify a class. Id. at 352-359. That is the type of case that fails for an inadequate showing of predominance under Civ.R. 23(B)(3).
{¶ 51} Like the plaintiffs in Amgen, however, appellants, Ganley Chevrolet, Inc., and Ganley Management Company (collectively, “Ganley”), allegedly used unconscionable arbitration terms in contracts with the putative-class members. The legal issue — whether use of an unconscionable arbitration term is a violation of the OCSPA — is overwhelmingly and obviously common to the class members because every single class member’s claim would be won or lost on the answer to that question. Appellees did not fail to show a class for whom common questions of law or fact predominate over any individual questions; every member of the class could lose on the question of damages at the same time. See Cope v. Metro. Life Ins. Co., 82 Ohio St.3d 426, 429-430, 696 N.E.2d 1001 (1998) (“It is now well established that ‘a claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member’s individual position.’ Lockwood Motors, Inc. v. Gen. Motors Corp. (D.Minn.1995), 162 F.R.D. 569, 580”).
{¶ 52} This court also granted jurisdiction over Ganley’s second proposition of law: “In a class action brought under the Ohio Consumer Sales Practices Act, R.C. 1345.09(B) requires the consumers to have sustained actual damages as a result of the challenged conduct.” I can readily agree with this proposition, as it correctly states Ohio law. Under R.C. 1345.09(B), plaintiffs may “recover dam *342 ages or other appropriate relief in a class action under Civil Rule 23, as amended.” (Emphasis added.)
{¶ 53} The last sentence of R.C. 1345.09(B) has nothing to do with class certification under Civ.R. 23. “Recover” means “to obtain (relief) by judgment or other legal process.” Black’s Law Dictionary 1466 (10th Ed.2014). Recovery is an aspect of the very last event in a lawsuit — the judgment. But under Civ.R. 23(C)(1), class certification is one of the very first events in a lawsuit. It is hard to find any practical or conceptual relationship between R.C. 1345.09(B) and Civ.R. 23, beyond that the former refers to the latter without modifying it. To the extent that this court’s past opinions can be read to hold otherwise, if was as wrong then as it is now. See Marrone v. Philip Morris USA, Inc., 110 Ohio St.3d 5, 2006-Ohio-2869, 850 N.E.2d 31, syllabus.[5] Even in Marrone, we were able to carefully distinguish the requirements of the OCSPA from those of Civ.R. 23. Marrone at ¶ 8 (“this opinion does not address whether the requirements of Civ.R. 23 were met. We address only the narrow issue of whether defendant had sufficient notice for purposes of R.C. 1345.09(B) that its alleged conduct was deceptive”). The majority writes additional language into the Revised Code to state that the OCSPA requires proof of damages as a prerequisite of class certification under Civ.R. 23(B)(3). This is an inquiry that should be resolved at the trial-court level as the case progresses.
{¶ 54} The majority points to less-than-helpful cases to support muddling the class-certification standard under Civ.R. 23(B)(3) with an actual-damages requirement. See, e.g., Butler v. Sterling, Inc., 6th Cir. No. 98-3223, 2000 WL 353502, *3 (Mar. 31, 2000) (class claims were brought under the Truth-in-Lending Act, but the trial court had disposed of the plaintiffs OCSPA claim on summary judgment before denying class certification); Johnson v. Jos. A. Bank Clothiers, Inc., S.D.Ohio No. 2:13-cv-756, 2014 WL 4129576, *2-8 (Aug. 19, 2014) (trial court granted motion to dismiss, under Fed.R.Civ.P. 12(B)(6) based on the heightened federal-pleadings standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); In re Rail Freight Fuel Surcharge Antitrust Litigationr-MDL No. 1869, 725 F.3d 244, 254-255 *343 (D.C.Cir.2013) (class-certification order vacated and remanded based on new case law regarding statistical modeling and because the district court failed to rigorously analyze the class plaintiffs’ means of calculating damages — not because there were no damages in fact); Konarzewski v. Ganley, Inc., 8th Dist. Cuyahoga No. 92623, 2009-Ohio-5827, 2009 WL 3649787, ¶ 49 (recognizing that a Civ.R. 23(B)(3) inquiry is different than the inquiry under R.C. 1345.09(B)); Washington v. Spitzer Mgt., Inc., 8th Dist. Cuyahoga No. 81612, 2003-Ohio-1735, 2003 WL 1759617, ¶ 38-53 (making no mention of R.C. 1345.09(B) throughout the predominance inquiry). Only the Tenth District Court of Appeals has amalgamated the requirements of Civ.R. 23(B)(3) and R.C. 1345.09(B) in the same way as the majority in this case does. Searles v. Germain Ford of Columbus, L.L.C., 10th Dist. Franklin No. 08AP-728, 2009-Ohio-1323, 2009 WL 756645, ¶ 21-24. We are not bound by this decision, and we should not “put the cart before the horse” by accepting its misguided logic. Amgen, — U.S. at-, 133 S.Ct. at 1191, 185 L.Ed.2d 308.
Ulmer & Berne, L.L.P., Joseph A. Gastrodale, and David D. Yeagley; and A. Steven Dever Co., L.P.A., and A. Steven Dever, for appellants.
Zipkin Whiting Co., L.P.A., and Lewis A. Zipkin; and Law Offices of Mark Schlachet and Mark Schlachet, for appellees.
{¶ 55} It is possible that Ganley could have prevailed in this matter by filing a successful motion for dismissal under Civ.R. 12(B)(6), for judgment on the pleadings under Civ.R. 12(C), or for summary judgment under Civ.R. 56. Unlike the foregoing procedures, the inquiries required by Civ.R. 23 should not determine the merits of a claim.
{¶ 56} As a final matter, I do not believe that answering the propositions of law before us would have completely resolved this matter. That is to say, there may have been other good reasons for reversal. Although appellees properly proposed a class, it seems plainly erroneous that the trial court summarily handed out “discretionary damages” immediately upon certifying the class. Ganley asked this court to consider issues surrounding that mistake in its memorandum in support of jurisdiction. I believe that it was unwise to accept jurisdiction on the class-action issue without accepting jurisdiction over the entire matter. The majority, which clearly quarrels with an award of damages that should be irrelevant to the issue before the court, now does actual damage to Civ.R. 23 in order to make its point.
{¶ 57} Class certification is, and should remain, an issue distinct from the resolution of the merits. Therefore, I dissent.
*344 Shook, Hardy & Bacon, L.L.P., Victor E. Schwartz, and Cary Silverman, pro hac vice, urging reversal for amici curiae American Insurance Association, American Tort Reform Association, Chamber of Commerce of the United States of America, NFIB Small Business Legal Center, Ohio Alliance for Civil Justice, and Ohio Chamber of Commerce.
Stockamp & Brown, L.L.C., David A. Brown, and Deanna L. Stockamp, urging reversal for amici curiae Greater Cleveland Automobile Dealers Association and Ohio Automobile Dealers Association.
Bricker & Eckler, L.L.P., Drew H. Campbell, Ali I. Haque, and Kara H. Herrnstein, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

. In the order that was appealed, the trial court addressed the requirement found in Man-one that a defendant must have sufficient notice that its conduct was deceptive and found that the requirement had been met because Ohio Adm.Code 109:4 — 3—12(B)(22) described the provision used by Ganley as deceptive. The trial court ably resolved a vague point of our holding in Williams v. Spitzer Autoworld Canton, L.L.C., which held that Ohio Adm.Code 109:4-3-12(B)(22) was unconstitutional “[t]o the extent that [the rule] conflicts with the parol evidence rule * * * and allows parol evidence contradicting the final written contract.” 122 Ohio St.3d 546, 2009-Ohio-3554, 913 N.E.2d 410, paragraph one of the syllabus. With no parol-evidence issue presented, and with a number of common pleas court judgments published in the attorney general’s public-information file, the trial court did not abuse its discretion by finding that the Man-one requirement was met.