[Cite as *Kilbane v. Polzner*, 2016-Ohio-8042.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103567**

# MARYKATHERINE KILBANE

PLAINTIFF-APPELLEE

vs.

# MICHAEL JOSEPH POLZNER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-13-346656

**BEFORE:**   Blackmon, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**      December 8, 2016

**ATTORNEY FOR APPELLANT**

Edwin V. Hargate, III
18519 Underwood Avenue
Cleveland, OH 44119


**FOR APPELLEE**

MaryKatherine Kilbane, pro se
14770 Orchard Parkway, Apt. 324
Westminster, CO 80023

PATRICIA ANN BLACKMON, J.:

{¶1}  Michael J. Polzner ("Polzner") appeals from the trial court's dismissal of his motion to modify spousal support for lack of jurisdiction and assigns the following error for our review:

> I.  The trial court abused its discretion and erred to the prejudice of defendant-appellant when it denied his motion to modify the decree as to spousal support when the parties agreed to continuing jurisdiction to modify the decree; and appellant is seeking enforcement of his rights secured by such provision.

{¶2}  Having reviewed the record and pertinent law, we affirm.  The apposite facts follow.

{¶3}  On November 21, 2013, the domestic relations court granted a divorce to Polzner and MaryKatherine Kilbane ("Kilbane").  Pertinent to this appeal, the divorce decree states that "neither party shall pay spousal support to the other party.  The Court shall not retain jurisdiction to modify this order."  Additionally, the Separation and Property Settlement Agreement, the terms of which were made part of the judgment entry of divorce, states that Kilbane "agrees to protect and hold [Polzner] absolutely harmless upon a student loan [Polzner] had co-signed/guaranteed for [Kilbane's] daughter from a prior marriage.  Should [Kilbane's] daughter default in her obligation to repay said loan, [Kilbane] shall, as and for additional support, assume the responsibility that would fall upon [Polzner]."

**{¶4}** On March 3, 2014, Polzner filed a "motion to modify decree as to spousal support with supporting affidavit." In this motion, Polzner alleged that Kilbane's "daughter has defaulted on the payment of her student loan just after the divorce decree was signed and [Polzner] as co-signor of the loan is now responsible for the payment of the student loan. The parties agreed that the Court would retain jurisdiction to modify spousal support and that such spousal support would be modified if [Kilbane's] daughter defaulted on her loan." The court held a hearing on the motion on July 28, 2014. Kilbane did not oppose Polzner's motion nor did she appear at the hearing.

**{¶5}** Polzner testified that there had been a change in circumstances since the divorce was granted, and the parties agreed that the court would retain jurisdiction to modify spousal support. According to Polzner, the changed circumstances involved Kilbane's daughter defaulting on her student loan and Polzner, as co-signor, receiving delinquency notices. Polzner testified that he received three notices, the most recent showing a missed monthly payment of $158.53. Polzner additionally testified that the balance of the loan was $26,301 with a 20-year payoff duration.

**{¶6}** The magistrate asked Polzner if he was "seeking" that Kilbane pay him spousal support to cover the monthly payment on the student loan. Polzner replied as follows: "I would rather I didn't even see the paperwork at all and when it was delinquent [Kilbane] just got the bill and she paid it." The magistrate told Polzner that "obviously, that's not — not possible. * * * So you're seeking that [Kilbane] pays you back and you'll

pay the student loan, right?" Polzner responded, "Well, I guess if I have to pay it up front and do it that way, yes."

{¶7} Over a year later, on September 2, 2015, the court dismissed Polzner's motion, finding that "the Divorce was clear that the Court did not retain jurisdiction over the issue of spousal support." The court additionally stated in the dismissal entry as follows: "This reference to [Kilbane's] potential, future spousal support order to repay [Polzner] is inconsistent with the terms of the divorce and is a property issue. In addition, at the time of the divorce, this student loan debt was not even a viable, measurable debt." It is from this order that Polzner appeals.

## Standard of Review

{¶8} Appellate courts review a domestic relations court's decision on post-divorce issues for an abuse of discretion. *Abernathy v. Abernathy*, 8th Dist. Cuyahoga No. 92708, 2010-Ohio-435. However, questions of jurisdiction are reviewed de novo, with no deference given to the trial court. *Udelson v. Udelson*, 8th Dist. Cuyahoga No. 92717, 2009-Ohio-6462.

## Motion to Modify Spousal Support

{¶9} "A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly retained jurisdiction to make the modification and the court finds that (1) * * * a substantial change in circumstances has occurred, and (2) * * * the change was not contemplated at the time of the original decree." *Comella v.*

*Parravano*, 8th Dist. Cuyahoga No. 100062, 2014-Ohio-834, ¶ 10. *See also* R.C. 3105.18.

{¶10} In the case at hand, Polzner argues that the trial court retained jurisdiction to modify spousal support "in one circumstance: * * * If [Kilbane's] daughter ever defaulted on her payment of student loan that [Polzner] had co-signed/guaranteed for her * * *." Kilbane did not file an appellate brief and does not challenge this argument.

{¶11} The judgment entry of divorce and the Separation and Property Settlement Agreement clearly state the following, respectively: "The Court shall not retain jurisdiction to modify this order"; and "The parties further agree that the Court shall not retain jurisdiction over the issue of spousal support."

{¶12} However, the Separation and Property Settlement Agreement, under the heading "Debt," states that, should the student loan in question go into default, Kilbane "shall, *as and for additional spousal support*, assume the responsibility that would fall upon" Polzner. (Emphasis added.) The phrase "as and for additional support" is inconsistent with the parties' agreement, and the court's ruling, that neither party shall pay the other spousal support and that the court shall not retain jurisdiction over this issue. "Contractual language is considered ambiguous where the meaning of the language cannot be determined from the four corners of the agreement, or where the language is susceptible to two or more reasonable interpretations." *Co. Wrench v. Andy's Empire Constr., Inc.,* 8th Dist. Cuyahoga No. 94959, 2010-Ohio-5790, ¶ 19.

**{¶13}** "If a contract's terms are unambiguous, a court may not interpret the contract in a manner inconsistent with those terms." *Crane Hollow, Inc. v. Marathon Ashland Pipe Line, L.L.C.*, 138 Ohio App.3d 57, 73, 740 N.E.2d 328 (4th Dist.2000). However, if the language of a contract is ambiguous, courts may look to extrinsic evidence to determine the parties' intent. *Orwell Natural Gas Co. v. PCC Airfoils, L.L.C.*, 189 Ohio App.3d 90, 2010-Ohio-3093, 937 N.E.2d 609, ¶ 12 (8th Dist.).

**{¶14}** Polzner argues on appeal that his case is similar to *McLaughlin v. McLaughlin*, 178 Ohio App.3d 419, 2008-Ohio-5284, 898 N.E.2d 79 (4th Dist.2008). However, we find *McLaughlin* to be factually distinct from the case at hand. In *McLaughlin*, the parties' separation agreement and divorce decree expressly stated that the husband was to pay the wife $60,000 per year in spousal support, with the agreement that, "in the event Husband's base salary should be reduced in the future, involuntarily, then Husband's spousal support obligation shall be reduced proportionately and in no event shall Husband's alimony obligation exceed 46% of his base salary." *Id.* at ¶ 2. The *McLaughlin* separation agreement and divorce decree are silent on whether the court retained jurisdiction to modify spousal support.

**{¶15}** In the case at hand, the parties' Separation and Property Settlement Agreement, as well as the divorce decree, expressly state that neither party is to pay the other spousal support, but that if Kilbane's daughter defaults on her college loan, Kilbane shall assume responsibility for the debt "as and for additional support * * *." However,

the parties and the court agreed that the court "shall not retain jurisdiction to modify this order."

{¶16} Upon review, we find that the terms of the divorce concerning the student debt at issue are ambiguous. We further find that the parties intended that Kilbane pay her daughter's student loan if it went into default. This event was expressly contemplated at the time of the original divorce decree. We further find that neither party intended to pay the other spousal support. These factors, along with language in the divorce decree, weigh against the trial court retaining jurisdiction to modify the terms of the agreement. Accordingly, upon review, we find that the domestic relations court did not retain jurisdiction to modify spousal support.

## Enforcement of Settlement Agreement

{¶17} In the alternative, Polzner argues that the court should have enforced the divorce decree provision requiring Kilbane to assume responsibility of the student loan and hold him harmless should Kilbane's daughter default. However, Polzner did not file a motion requesting this relief in the domestic relations court.

{¶18} Pursuant to R.C. 3105.10(B)(2), a "separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the motion of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the settlement agreement."

{¶19} Additionally, a trial court retains jurisdiction to "clarify and construe its original property division so as to effectuate its judgment," particularly in the case of

ambiguous contract terms. *Gordon v. Gordon*, 114 Ohio App.3d 21, 24-25, 759 N.E.2d 431 (8th Dist. 2001). *See also Wind v. State*, 102 Ohio St. 62, 64, 130 N.E. 35 (1921) ("The power of a court to enforce its own proper orders is fundamental and inherent, as well as constitutional; necessarily so, to give it standing and afford respect and obedience to its judgment. This is upon the broad ground of public policy, and without which power the judicial edifice would fall").

**{¶20}** "Absent fraud, duress, overreaching or undue influence, a settlement agreement between parties in a divorce proceeding is enforceable." *Diguilio v. Diguilio*, 8th Dist. Cuyahoga No. 81860, 2003-Ohio-2197, ¶ 33. A settlement agreement is akin to a binding contract. "Neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement. A party may not unilaterally repudiate a binding settlement agreement." *Walther v. Walther*, 102 Ohio App.3d 378, 383, 657 N.E.2d 332 (1st Dist.1995).

**{¶21}** Upon review, we find that enforcement of the divorce terms or settlement agreement is not properly before this court, because it was not properly raised in the trial court. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." *Easterday v. Gumm*, 4th Dist. Ross No. 96CA2179, 1996 Ohio App. LEXIS 5198 (Nov. 15, 1996).

**{¶22}** Accordingly, the domestic relations court did not err by dismissing Polzner's motion to modify decree as to spousal support for lack of jurisdiction, and Polzner's sole assigned error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR