KRECHMAN, APPELLANT, *v.* KRECHMAN, APPELLEE.

(No. 5183—Decided June 29, 1959.)

*Mr. Norman C. Platz* and *Mr. John J. Schuchman*, for appellant.

*Mr. Wayne R. Peppers*, for appellee.

FESS, J. This is an appeal on questions of law from a judgment entered by the Common Pleas Court, Division of Domestic Relations, on February 26, 1959, purporting to con-

strue a judgment of divorce entered by that court at a former term on November 4, 1958.

In the judgment entered November 4, 1958, provision was made for child support until further order of the court at the rate of $65 per month commencing July 1, 1958, and as to such minor child jurisdiction of the court was reserved to modify the foregoing orders in any respect and the cause was certified to the juvenile docket for future proceedings thereunder.

As alimony, the defendant was awarded the interest of the plaintiff in the residence occupied by the parties and the plaintiff was ordered to pay defendant the sum of $185 per month until the further order of the court, such order to terminate in the event of the marriage of the defendant, and, in any event, such order to be reviewed at the expiration of ten years from the date of the decree. It was further ordered that plaintiff pay the defendant as alimony the sum of $1,000 to be applied on her attorney fees, and the plaintiff was "further ordered to pay all liens and accrued indebtedness of plaintiff and defendant as of the date of filing of this decree." No reservation of jurisdiction, other than with respect to the minor child, was made in the judgment.

On February 26, 1959, at a subsequent term, the court found that the clause "husband to pay all liens and accrued indebtedness" required construction and adjudged that the plaintiff be ordered to pay all bills and obligations due July 1, 1958, except for services rendered by Central Bureau of Investigation, on which the plaintiff was to pay $500, and that July 1, 1958, be determined to be the effective date for monthly payments to defendant, otherwise the judgment of November 4, 1958, was to remain the same.

It appears from the transcript that on April 14, 1959, the court found there was due from plaintiff to defendant under former orders of the court the sum of $3,782.49 for alimony and child support as of March 3, 1959, for which sum judgment was entered against the plaintiff. The court further found that plaintiff had been guilty of contempt for failure to comply with the former order with respect to the payment of indebtedness, alimony and child support but that imposition of sentence be suspended pending compliance with the order of the court. No appeal has been taken from this order.

In *Ellis* v. *Ellis*, 94 Ohio App., 339, 115 N. E. (2d), 180, this court held that, where a divorce judgment contains provisions with respect to property rights *in futuro* or of an executory nature, the court entering such judgment impliedly reserves continuing jurisdiction to construe, enforce or implement the rights secured by such provisions by the entry of a judgment ancillary in nature to enforce compliance with the terms of the original judgment, but that a court has no jurisdiction to modify a divorce judgment after term except on the grounds enumerated and in the manner specified in Section 11631 *et seq.*, General Code (now Section 2325.01, Revised Code). It is recognized that a judgment entered at a former term, which improperly records such judgment or which does not speak the truth in fact of the judgment actually rendered, may be corrected *nunc pro tunc, National Life Ins. Co.* v. *Kohn*, 133 Ohio St., 111, 11 N. E. (2d), 1020; *Caprita* v. *Caprita*, 145 Ohio St., 5, 60 N. E. (2d), 483; *Ruby* v. *Wolf*, 39 Ohio App., 144, 177 N. E., 240; *Herman* v. *Ohio Finance Co.*, 66 Ohio App., 164, 32 N. E. (2d), 28; but the power to enter judgment *nunc pro tunc* is limited to the subsequent recording of judicial action previously and actually taken, and does not extend beyond the power to make the journal speak the truth. *Reinbolt* v. *Reinbolt*, 112 Ohio St., 526, 147 N. E., 808; *Herman* v. *Ohio Finance Co., supra.*

In the instant case, the judgment at the former term ordered the plaintiff to pay all liens and accrued indebtedness of the parties (without specifying the same) as of the date of the filing of the decree. Since no time was fixed for the commencement of the payment of alimony, that time likewise should be construed to commence as of the date of the filing of the journal entry.

It is apparent that the entry at the subsequent term constitutes an amendment or modification of the divorce judgment after term. The judgment is, therefore, reversed at appellee's costs, and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

SMITH and DEEDS, JJ., concur.