DECISION AND JUDGMENT ENTRY
{¶ 1} Carol McLaughlin ("Wife") appeals the judgment of the Athens County Court of Common Pleas. Wife contends that the trial court erred as a matter of law when it interpreted its prior divorce decree and ruled that it would not have jurisdiction to consider modifying spousal support in the future. Because we find that this issue is not ripe for judicial review, we agree. Accordingly, we reverse the judgment of the trial court to the extent that it determines a controversy that has no present or immediate legal effect upon the parties.
 I. {¶ 2} The trial court entered a decree divorcing the parties on February 23, 1995. The decree incorporated the parties' December 3, 1993 separation agreement. The decree provides, in relevant part:
 It is agreed by and between Husband and Wife that Husband shall pay to Wife the gross amount of $60,000.20 per year for spousal support and poundage. * * * All spousal support payments due on and after January 1, 1994 shall be made * * * until such time as Wife remarries, co-habits with an adult male not her kin, or dies, whichever occurs first. The parties agree that this amount represents 46% of Husband's present base salary, and in the event Husband's base salary should be reduced in the future, involuntarily, then Husband's spousal support obligation shall be reduced proportionately and in no event shall Husband's alimony obligation exceed 46% of his base salary.
 {¶ 3} On July 15, 1999, Samuel McLaughlin ("Husband") filed a motion to modify spousal support. The trial court denied Husband's motion and Husband appealed. This court affirmed the trial court's decision.McLaughlin v. McLaughlin, Athens App. No. 00CA14, 2001-Ohio-2450. In doing so, we reasoned that, pursuant to R.C. 3105.18, a court does not possess jurisdiction to modify spousal support unless the divorce decree reserves jurisdiction to do so. We found that the divorce decree here "provides for modification of [Husband's] obligation in certain limited circumstances, and it does not reserve continuing jurisdiction for the trial court to otherwise modify spousal support." Because Husband had requested modification based upon circumstances that were not enumerated in the decree, we held that the trial court did not possess jurisdiction to modify the support obligation.
 {¶ 4} On April 29, 2005, Husband filed a second motion to modify his spousal support obligation. The parties stipulated to the following facts: (1) on August 17, 2004, Husband became unemployed involuntarily; (2) Husband received severance pay until February 24, 2005; (3) after February 24, 2005, Husband did not have a base salary to apply to the forty-six percent spousal support calculation. Within the document outlining their factual stipulations, the parties also stipulated that each would brief the issue of the "extinguishment and continuing nature of the spousal support obligation." The parties submitted briefs outlining their legal arguments regarding this, as well as arguments regarding other issues unrelated to this appeal.
 {¶ 5} The magistrate issued a proposed decision. Husband and Wife each filed objections to the magistrate's decision. The court denied Husband's objections because they lacked specifity.
 {¶ 6} The court considered Wife's objections and issued a judgment entry holding that: (1) Husband's spousal support obligation "terminated" effective February 24, 2005; (2) the court does not have jurisdiction to reinstate the spousal support obligation in the future; and (3) Husband had fully paid the support payments owed as of February 24, 2005. The court found that the decree addresses a modification in the amount of spousal support in the event of a reduction in Husband's salary, but not in the event of an increase in Husband's salary. Because forty-six percent of a base salary of zero equals zero, the court reasoned that Husband's involuntary unemployment effectively terminated his spousal support obligation. The court further reasoned that, because the decree does not address the contingency of reinstatement of spousal support once it is terminated, the decree does not provide the court with jurisdiction to address such a contingency.
 {¶ 7} Wife appeals, asserting the following assignment of error: "The trial court erred in permanently terminating Husband's spousal support obligation rather than reducing it temporarily for the time period Husband was unemployed."
 II. {¶ 8} In her only assignment of error, Wife contends that the trial court abused its discretion when it determined that it does not have continuing jurisdiction to modify Husband's spousal support obligation in the future. Wife contends that the trial court failed to apply ordinary rules of contract law in interpreting the divorce decree.
 {¶ 9} Wife argues that the decree provides for the termination of spousal support in only three instances: when she remarries, cohabits with a male not her kin, or dies. Given this specific language regarding the termination of spousal support, Wife contends that the decree is ambiguous with regard to whether, after Husband's obligation is reduced to zero due to zero base salary, Husband's support obligation can be increased or reinstated up to forty-six percent of his prior base salary. Specifically, Wife contends that implying termination is inconsistent with the existence of express language limiting termination to three grounds. In the light of this alleged good-faith confusion over the proper interpretation of the decree, Wife contends that the trial court should have held a factual hearing to determine the intent of the decree. See Quisenberry v. Quisenberry (1993), 91 Ohio App.3d 341, 348.
 {¶ 10} Before we can address the merits of Wife's assignment of error, we are obligated to consider whether the issue of the court's future jurisdiction is ripe for our review.
 {¶ 11} Section 4(B), Article IV of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." See, also, N. Canton v. Hutchinson (1996),75 Ohio St.3d 112, 114. "Fora cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." State v.Stambaugh (1987), 34 Ohio St.3d 34, 38, (Douglas, J., concurring in part and dissenting in part), citing Burger Brewing Co. v. Liquor ControlComm. (1973), 34 Ohio St.2d 93, 97-98. Parties are not entitled to litigate questions that may never affect them, and jurisdiction cannot be conferred upon the court by consent of the parties. 35 Ohio Jurisprudence 3d, Declaratory Judgments and Related Proceedings, Section 7. The court is required to raise justiciability issues sua sponte.Stewart v. Stewart (1999), 134 Ohio App.3d 556, 558, citingNeiderhiserv. Borough of Berwick (C.A.3, 1988), 840 F.2d 213, 216.
 {¶ 12} "To determine whether an issue is ripe for judicial review, the court must weigh (1) the likelihood that the alleged future harm will ever occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair adjudication." Stewart, citing Ohio ForestryAssn., Inc. v. Sierra Club (1998), 523 U.S. 726, 731-733. Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all." Texas v. UnitedStates (1998), 523 U.S. 296, 300, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406,410. Rather, the issues the parties seek to litigate must have a "direct and immediate impact on the parties." State ex rel. Keller v.Columbus, 164 Ohio App.3d 648, 2005-Ohio-6500, at ¶ 19. See, also,Komarv. Komar (Dec. 29, 1995), LakeApp. No. 94-L-134 (husband's contention that spousal support obligation should terminate upon his death not ripe for review); Rennerv. Renner (Dec. 30, 1982), Cuyahoga App. No. 44449 (matter not ripe when one or both parties may die before absolute right to alimony expires).
 {¶ 13} Here, none of the three Stewart factors weighs in favor of finding that the dispute before the court is ripe. First, the future harm, in the form of Wife not receiving spousal support to which she is entitled, may never occur. While Wife anticipates that Husband will acquire new employment, the record does not contain evidence regarding how likely it is that Husband will find, or even seek, new employment. Husband may have proceeds from prior investments or some other means to accommodate his living expenses indefinitely, or one or both of the parties may die before Husband finds a new job.
 {¶ 14} Second, the record does not reveal that the parties would endure undue hardship by waiting to apply for a modification of spousal support in the event that Husband becomes employed again. Nothing in the record indicates that gathering evidence of the decree's intent or a change of circumstances will create a hardship for either party in the future.
 {¶ 15} Finally, the factual record is, or could become through aQuisenberry hearing, sufficiently developed to provide for fair adjudication on the issue of the whether the decree reserves jurisdiction to modify spousal support. However, pursuant to R.C.3105.18(E), the relevant inquiry for determining the court's future jurisdiction depends not only upon whether the decree contains a provision reserving jurisdiction, but also upon whether a change of circumstances occurred. This inquiry necessarily depends upon future events, and the factual record on the issue of change of circumstances cannot be developed before the anticipated change occurs.
 {¶ 16} The issue the parties' presented, whether the court will possess jurisdiction in the future, does not have a direct and immediate impact on the parties. Because the trial court's jurisdictional power over Wife's potential future claim for spousal support is based upon events that may or may not occur, the issue is not ripe for judicial review. Thus, we find that the trial court exceeded its jurisdictional powers here by ruling that the reduction of Husband's spousal support obligation to forty-six percent of zero "terminated" his obligation and the court's jurisdiction permanently. We explicitly decline to address whether, in the event that Wife files a motion to modify support in the future, the court will possess authority to increase Husband's obligation.[1]
 {¶ 17} Thus, while we decline to address Wife's arguments regarding whether the trial court erred in interpreting the divorce decree, we sustain her assignment of error on other grounds. Accordingly, we reverse the judgment of the trial court to the extent that it determines an issue that is not ripe for adjudication.
JUDGMENT REVERSED IN PART.
[1] As guidance to the trial court in the event of a motion for modification, we note that a court possesses initial authority to determine its own jurisdiction over the parties and the subject matter absent a patent and unambiguous lack of jurisdiction. State ex rel.Enyartv. O'Neill, 71 Ohio St.3d 655, 1995-Ohio-145. This rule relates to the court's right to determine its present jurisdiction, not its future jurisdiction. Thus, a court possesses authority to determine whether it has jurisdiction pursuant to R.C. 3105.18(E), so long as the matter is otherwise justiciable.