**McLAUGHLIN, Appellant,**

**v.**

**McLAUGHLIN, Appellee.**

[Cite as *McLaughlin v. McLaughlin,* 178 Ohio App.3d 419, 2008-Ohio-5284.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 08CA7.

Decided Oct. 3, 2008.

</div>

420

Richard M. Lewis, for appellant.

T.E. Eslocker, for appellee.

KLINE, Judge.

{¶ 1} Carol McLaughlin appeals the Athens County Common Pleas Court's dismissal of her motion to "modify" Samuel McLaughlin's spousal-support obligation. On appeal, Carol contends that the trial court had jurisdiction to increase Samuel's obligation from zero after Samuel became employed. Because Carol's motion effectively sought enforcement of the spousal-support provision, as opposed to modification of that provision, we agree and find that the trial court had jurisdiction to consider the issue. Further, we find that the trial court's construction of the spousal-support provision was error. Accordingly, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.

I[1]

{¶ 2} This is the third appeal by the parties in this case, which began in April 1993 when Carol filed a complaint for divorce. The trial court entered a decree of divorce on February 23, 1995. The decree incorporated the parties' December 3, 1993 separation agreement, which provides:

It is agreed by and between Husband and Wife that Husband shall pay to Wife the gross amount of $60,000.02 per year for spousal support and poundage. * * * All spousal support payments due on and after January 1, 1994 shall be

---

1. Some of these facts are taken from this court's opinion in *McLaughlin v. McLaughlin*, Athens App. No. 06CA14, 2007-Ohio-260, 2007 WL 172116 (*"McLaughlin II"*).

made * * * until such time as Wife remarries, co-habits with an adult male not her kin, or dies, whichever occurs first. The parties agree that this amount represents 46% of Husband's present base salary, and in the event Husband's base salary should be reduced in the future, involuntarily, then Husband's spousal support obligation shall be reduced proportionately and in no event shall Husband's alimony obligation exceed 46% of his base salary.

{¶ 3} On July 15, 1999, Samuel filed a motion to modify spousal support. The trial court denied Samuel's motion, and Samuel appealed. This court affirmed the trial court's decision. *McLaughlin v. McLaughlin* (Mar. 26, 2001), Athens App. No. 00CA14, 2001 WL 803025 (*"McLaughlin I"*). In doing so, we reasoned that pursuant to R.C. 3105.18, a court does not possess jurisdiction to modify spousal support unless the divorce decree reserves jurisdiction to do so. We found that the divorce decree here "provides for modification of [Samuel's] obligation in certain limited circumstances, and it does not reserve continuing jurisdiction for the trial court to otherwise modify spousal support." Because Samuel had requested modification based upon circumstances that were not enumerated in the decree, we held that the trial court did not possess jurisdiction to modify the support obligation.

{¶ 4} On April 29, 2005, Samuel filed a second motion to modify his spousal-support obligation. The parties stipulated to the following facts: (1) on August 17, 2004, Samuel became unemployed involuntarily, (2) Samuel received severance pay until February 24, 2005, (3) after February 24, 2005, Samuel did not have a base salary to apply to the 46 percent spousal-support calculation. Within the document outlining their factual stipulations, the parties also stipulated that each would brief the issue of the "extinguishment and continuing nature of the spousal support obligation." The parties submitted briefs outlining their legal arguments.

{¶ 5} The magistrate issued a proposed decision. Samuel and Carol each filed objections. The court denied Samuel's objections. The court considered Carol's objections and held that (1) Samuel's spousal-support obligation "terminated" effective February 24, 2005, (2) the court does not have jurisdiction to reinstate the spousal-support obligation in the future, and (3) Samuel had fully paid the support payments owed as of February 24, 2005. The court found that the decree addresses a modification in the amount of spousal support in the event of a reduction in Samuel's salary, but not in the event of an increase in Samuel's salary. Because 46 percent of a base salary of zero equals zero, the court reasoned that Samuel's involuntary unemployment effectively terminated his spousal-support obligation. The court further reasoned that because the decree does not address the contingency of reinstatement of spousal support once it is

terminated, the decree does not provide the court with jurisdiction to address such a contingency.

{¶ 6} Carol appealed, asserting that the trial court erred when it permanently terminated Samuel's spousal-support obligation instead of reducing the obligation temporarily during the period of Samuel's unemployment. In January 2007, this court, in *McLaughlin v. McLaughlin,* Athens App. No. 06CA14, 2007-Ohio-260, 2007 WL 172116 (hereinafter referred to as *"McLaughlin II"*), reversed the trial court's judgment in part. This court held that "the trial court exceeded its jurisdictional powers here by ruling that the reduction of [Samuel]'s spousal support obligation to forty-six percent of zero 'terminated' his obligation and the court's jurisdiction permanently." Id. at ¶ 16. Further, this court explicitly declined "to address whether, in the event that [Carol] files a motion to modify support in the future, the court will possess authority to increase [Samuel]'s obligation." Id.

{¶ 7} Thereafter, Carol filed a motion to modify spousal support, requesting the court "to enter an order modifying the existing Order concerning spousal support so as to increase spousal support from its current level of $0 to the appropriate amount as provided for in the Separation Agreement based upon [Samuel's] base income from employment and other factors." Carol asserted that Samuel had regained employment. The parties stipulated that Samuel had been employed by Wendy's International since January 2, 2006, earning a base salary of $190,000.

{¶ 8} On January 2, 2008, the magistrate recommended that Carol's motion to modify spousal support be dismissed because the separation agreement did not give the court jurisdiction to "reinstate spousal support once terminated." Carol filed objections to the magistrate's recommendations on January 16, 2008. On February 27, 2008, the trial court rejected Carol's objections and adopted the recommendation of the magistrate, including the reasoning therein.

{¶ 9} Carol now appeals and asserts the following assignment of error:

The trial court erred when, after having reduced [Samuel's] spousal support obligation to $0, it determined that it did not have continuing jurisdiction to increase [Samuel's] support obligation despite concluding that [Samuel's] re-employment constituted a change in circumstances.

## II

{¶ 10} In her sole assignment of error, Carol contends that the trial court erred when it determined that it had no continuing jurisdiction to increase Samuel's spousal-support obligation after reducing the obligation to zero during a brief period of Samuel's unemployment. Samuel argues that pursuant to the

express terms of the separation agreement, the amount of spousal support cannot be increased upon restoration of Samuel's base salary after having already been reduced during a period of involuntary reduction of base salary.

{¶ 11} "R.C. 3105.18(E) governs the payment of alimony and spousal support and specifies the circumstances under which the trial court may modify such awards." *Kimble v. Kimble,* 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, ¶ 4. R.C. 3105.18(E) expressly provides that a court "does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless * * * the circumstances of either party have changed and * * * (1) In the case of a divorce, the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." See also *Kimble,* supra.

{¶ 12} "The decision to reserve jurisdiction to modify an award of spousal support is left to the sound discretion of the trial court." *McLaughlin I,* Athens App. No. 00CA14, 2001 WL 803025, *2, citing *Johnson v. Johnson* (1993), 88 Ohio App.3d 329, 623 N.E.2d 1294. Several courts, however, "have held that the trial court abuses its discretion by failing to reserve jurisdiction to modify an indefinite award of spousal support." Id., citing *Nori v. Nori* (1989), 58 Ohio App.3d 69, 568 N.E.2d 730; *Gullia v. Gullia* (1994), 93 Ohio App.3d 653, 639 N.E.2d 822. This court declined to extend the holdings in *Nori* and *Gullia* where "the parties negotiated the terms of spousal support, agreed upon them, including the circumstances under which * * * [the] support obligation could be modified, and executed the document formalizing their agreement." Id. Instead, "when a separation agreement between the parties to a divorce action defines the terms and condition of spousal support, as well as the circumstances required for its modification, the trial court need not reserve continuing jurisdiction to modify spousal support should the separation agreement not provide for such jurisdiction." Id.

{¶ 13} While trial courts may not have continuing jurisdiction to "modify" an award or agreement for the payment of spousal support, "the court entering such judgment has continuing jurisdiction to enforce or construe the rights of the parties." *In re Kirchgessner* (Oct. 31, 1978), Columbiana App. No. 1176, 1978 WL 215062; see also *Krechman v. Krechman* (1959), 110 Ohio App. 554, 13 O.O.2d 359, 170 N.E.2d 91 (holding that courts entering divorce decrees retain "continuing jurisdiction to construe, enforce or implement the rights secured by such provisions by the entry of a judgment ancillary in nature to enforce compliance with the terms of the original judgment * * *"); *Stanley v. Stanley* (Jan. 7, 1999), Lawrence App. No. CA97–55, 1999 WL 33380.

{¶ 14} Here, we must first determine whether Carol's motion actually requests a modification of the amount or terms of spousal support or is simply a request to enforce its terms.

{¶ 15} The term "modification," as defined in Black's Law Dictionary (8th Ed., 2004) 1025, is "[a] change to something; an alteration <a contract modification>." Further, in the realm of family law, a "modification order" refers to "[a] post-divorce order that changes the terms of child support, custody, visitation, or alimony." Id.

{¶ 16} "When the parties to a divorce action enter into a separation agreement, the court must construe that agreement in accordance with ordinary rules of contract law." *McLaughlin I*, Athens App. No. 00CA14, 2001 WL 803025, *3, citing *Patel v. Patel* (Mar. 23, 1999), Athens App. Nos. 98CA29 and 98CA30, 1999 WL 167608. Construction of a contract "is a question of law and, as such, we review the trial court's construction of a written instrument de novo." Id., citing *Graham v. Drydock* (1996), 76 Ohio St.3d 311, 667 N.E.2d 949. Courts "must interpret contract language 'so as to carry out the intent of the parties.'" Id., quoting *Skivolocki v. E. Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374, paragraph one of the syllabus. "'The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.'" Id., quoting *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. Language in the contract must be given its plain and ordinary meaning unless another meaning is clearly apparent from the contents of the contract. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 9, citing *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146.

{¶ 17} Here, the spousal support agreement essentially provides that Carol is entitled to the lesser of $60,000.02 or 46 percent of Samuel's base salary as spousal support until she remarries, cohabits with another male not her kin, or dies. When Samuel's base income was involuntarily reduced to zero, Carol's spousal support was reduced to zero in accordance with the terms of the agreement. Such a reduction in his spousal support obligation was expressly provided for by the terms of the separation agreement and, thus, is not a "modification" of the terms. Now that Samuel's base salary is $190,000, Carol is entitled to receive $60,000.02,[2] assuming that she is not remarried, cohabitating with another male not her kin, or dead. Such a conclusion is supported by the terms of the separation agreement.

---

2. Forty-six percent of Samuel's current base salary of $190,000 is $87,400, which is obviously more than the $60,000.02 figure set forth in the separation agreement. But the agreement does not provide for more than that amount in spousal support.

{¶ 18} Therefore, we find that Carol's motion does not effectively seek a "modification" of the spousal support and, instead, merely seeks enforcement of the terms set forth in the separation agreement. Consequently, the trial court erred in determining that it had no jurisdiction to consider Carol's motion. Further, the trial court's construction of the terms of the separation agreement was error.

{¶ 19} Accordingly, we sustain Carol's sole assignment of error. We reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

McFARLAND, J., concurs.

HARSHA, J., not participating.