[Cite as *Pancake v. Pancake*, 2012-Ohio-1511.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| CHERYL A. PANCAKE, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No: 11CA15 |
| | : | |
| v. | : | |
| | : | <u>DECISION AND</u> |
| HAROLD K. PANCAKE, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellee. | : | Filed:  March 29, 2012 |

_____

<u>APPEARANCES:</u>

Brenda K. Neville, Meyers & Neville, L.L.C., Chesapeake, Ohio, for Appellant.

Michael A. Davenport, Ironton, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}**     Cheryl A. Pancake (hereinafter "Cheryl") appeals the judgment of the Lawrence County Court of Common Pleas.  The trial court granted Cheryl a divorce from Harold K. Pancake (hereinafter "Harold").  In distributing property between Cheryl and Harold, the trial court awarded Harold his entire (1) retirement plan and (2) thrift plan (together, the "Plans").  On appeal, Cheryl claims that she is entitled to a portion of these Plans.  We disagree.  Based on the plain language of two affidavits, Cheryl clearly and unambiguously abandoned her interest in the Plans.  Accordingly, we affirm the judgment of the trial court.

I.

{¶2}   Cheryl and Harold were first married in 1979, but that marriage ended in divorce.  In their October 15, 2008 divorce decree, Cheryl received "Fifty Percent (50%) of [Harold's] Marathon Retirement and Marathon Thrift Plan[.]"  That is, Cheryl received a fifty-percent interest in the Plans.

{¶3}   Cheryl and Harold remarried on June 3, 2009.  On September 28, 2009, Cheryl attested to two affidavits related to the Plans.  One affidavit states, in part, the following: "I no longer wish to receive the fifty (50%) percent of my Husband's, Harold K. Pancake, Retirement."  The other affidavit states, in part, the following: "I no longer wish to receive the fifty (50%) percent of my Husband's, Harold K. Pancake, Thrift Plan."  Cheryl's attorney prepared these affidavits, and Cheryl signed them in the presence of a notary.

{¶4}   Cheryl filed for divorce on May 10, 2010.  In the proceedings below, Cheryl and Harold agreed on all relevant issues except for the distribution of the Plans.  Cheryl claimed that, because of the October 15, 2008 divorce decree, she had a fifty-percent interest in the Plans.  But Harold claimed that, because of the affidavits, Cheryl "repudiated her right to receive these monies."  Defendant's Brief Regarding Division of Assets at 1.

{¶5}   The trial court awarded one-hundred percent of the Plans to Harold.  Essentially, the trial court found that Cheryl had gifted her interest in the Plans to Harold and, as a result, that the Plans were Harold's separate property.

{¶6}   Cheryl appeals and asserts the following two assignments of error: I. "The trial court erred when it purported to divide that portion of the thrift plan and the retirement account that had been divided in the first divorce, because those assets were

not before the court in the parties' second divorce action."  And, II. "The trial court erred when it determined that the affidavits signed by Appellant Cheryl A. Pancake[] demonstrated clear and convincing evidence of an inter vivos gift to Appellee Harold K. Pancake."

## II.

{¶7}    Both of Cheryl's assignments of error turn on our interpretation of her affidavits.  Therefore, we will review Cheryl's assignments of error together.  In both assignments of error, Cheryl essentially contends that she is entitled to an interest in the Plans.

## A.

{¶8}    Generally, we review the division of marital property under an abuse-of-discretion standard.  *See Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981), paragraph two of the syllabus.  But here, our decision turns on the interpretation of Cheryl's two affidavits, which we will interpret de novo without regard for the trial court's findings.  *See Dorsey v. Dorsey*, 11th Dist. No. 2010-T-0043, 2011-Ohio-6336, ¶ 49; *McLaughlin v. McLaughlin*, 178 Ohio App.3d 419, 2008-Ohio-5284, 898 N.E.2d 79, ¶ 16 (4th Dist.).

{¶9}    Initially, we disagree with the trial court's interpretation of the affidavits. The trial court interpreted them as establishing an inter vivos gift from Cheryl to Harold. "An inter vivos gift is 'an immediate, voluntary, gratuitous and irrevocable transfer of property by a competent donor to another.'" *Dassel v. Hershberger*, 4th Dist. No. 10CA6, 2010-Ohio-6595, ¶ 16, quoting *Jones v. Jones*, 4th Dist. No. 07CA25, 2008-Ohio-2476, ¶ 22, in turn quoting *Smith v. Shafer*, 89 Ohio App.3d 181, 183, 623 N.E.2d

1261 (3d Dist.1993).  The plain language of the affidavits, however, does not establish that Cheryl transferred her interest in the Plans to Harold.  Rather, the plain language indicates that Cheryl relinquished her interest in the Plans without referencing a particular donee.  Therefore, we interpret the affidavits as establishing that Cheryl *abandoned* her interest in the Plans.

{¶10}  "Abandoned property * * * is property over which the owner has relinquished all right, title, claim, and possession with the intention of not reclaiming it or resuming its ownership, possession or enjoyment."  *Doughman v. Long*, 42 Ohio App.3d 17, 21, 536 N.E.2d 394 (12th Dist.1987).  "Abandonment requires affirmative proof of the intent to abandon coupled with acts or omissions implementing the intent."  *Davis v. Suggs*, 10 Ohio App.3d 50, 52, 460 N.E.2d 665 (12th Dist.1983).  In both affidavits, Cheryl states the following: "I no longer wish to receive the fifty (50%) percent of my husband's, Harold K. Pancake, [Plans]."  This language clearly shows that Cheryl intended to abandon her interest in the Plans.  And by having her attorney prepare the affidavits, Cheryl took affirmative acts to implement her intent.

{¶11}  In interpreting the affidavits, Cheryl asks us to consider "the context in which the affidavits were executed[.]"  Brief for Appellant at 11.  But here, the affidavits are unambiguous, and the plain language clearly establishes Cheryl's intent to abandon her interest in the Plans.  Therefore, we will not consider evidence outside of the affidavits themselves.  *See Robinson v. Robinson*, 2d. Dist. No. 17562, 1999 WL 1082656, *6 (Dec. 3, 1999).

{¶12}  Cheryl also argues that the affidavits "could not undo the effect of" the October 15, 2008 divorce decree.  Brief for Appellant at 10.  She does not, however,

provide any legal support for this argument, and we disagree with the notion that Cheryl lacked the authority to either (1) gift or (2) abandon her interest in the Plans. Under the October 15, 2008 divorce decree, Cheryl received her interest in the Plans as part of the distribution of property. As a result, Cheryl was free to dispose of her interest in the Plans -- i.e., her personal property -- as she wished. In this case, the affidavits clearly show that Cheryl abandoned her interest in the Plans.

B.

**{¶13}** The trial court found the Plans to be Harold's separate property because the affidavits "provided the court with clear and convincing evidence of [Cheryl's] intent to make an inter vivos gift to [Harold] and thereby waive all her rights and interest in that marital property." June 30, 2011 entry at 3. As noted above, we disagree with the trial court's finding of an inter vivos gift to Harold. Nevertheless, "'[w]hen a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial.'" *Captain v. United Ohio Ins. Co.*, 4th Dist. No. 09CA14, 2010-Ohio-2691, ¶ 33, quoting *State v. Sebastian*, 4th Dist. No. 08CA19, 2009-Ohio-3117, ¶ 25, in turn quoting *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846, fn. 3, 732 N.E.2d 485 (6th Dist.1999). And here, we affirm the judgment of the trial court because the affidavits demonstrate that Cheryl abandoned her interest in the Plans. Therefore, Cheryl was not entitled to a portion of the Plans as part of the distribution of property.

**{¶14}** Accordingly, we overrule Cheryl's two assignments of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J. and McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
     Roger L. Kline, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**