[Cite as *Haverdick v. Haverdick*, 2013-Ohio-4303.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| MADELINE R. HAVERDICK, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| | | **CASE NO. 2012-T-0085** |
| - vs - | : | |
| FRANK HAVERDICK, JR., | : | |
| Defendant-Appellee. | : | |

Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2004 DR 417.

Judgment: Affirmed.

*Michael A. Scala,* 244 Seneca Avenue, N.E., P.O. Box 4306, Warren, OH 44482 (For Plaintiff-Appellant).

*Gary R. Rich, 342 Mahoning Avenue, N.W., P.O. Box 4010, Warren, OH 44482-4010* (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Madeline R. Haverdick, n.k.a. Madeline Prezioso, appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, denying her motion to reinstate spousal support. For the reasons discussed below, we affirm the trial court's judgment.

{¶2} In September 2004, appellant filed a complaint for legal separation from appellee, Frank Haverdick. The case was initially settled by way of stipulation; the

matter was reopened, however, after the trial court granted a motion for new trial filed by appellee. The parties eventually agreed that appellee would take possession of the marital residence. The parties further stipulated to a division of marital property and household items. They also stipulated to a spousal support arrangement. The stipulations provided that appellee would pay appellant $1,000 per month commencing on February 1, 2009 and continuing until appellee retires. The stipulations further provided that spousal support would terminate upon the death of either party, appellant's remarriage, or upon appellant's cohabitation in a like-marital state. And, the court reserved jurisdiction to modify the support agreement if appellant elected to immediately commence drawing on her marital share of appellee's pension. The numerous stipulations were incorporated into the final divorce decree that was entered on January 21, 2009.

{¶3} The record indicates that appellant retired and ceased paying spousal support. Appellant filed a motion to reinstate spousal support, arguing the trial court, via the parties' divorce decree, retained jurisdiction to modify or revisit the issue of spousal support. Appellee filed a memorandum in opposition to the motion, asserting the parties stipulated that spousal support would cease upon appellee's retirement. And, the judgment on divorce, which incorporated those stipulations, reserved jurisdiction over spousal support only if appellant chose to begin drawing on appellee's pension prior to his retirement, a situation which did not occur.

{¶4} On September 20, 2012, the trial court issued its judgment denying appellant's motion and this appeal followed. Appellant assigns the following error for our review:

2

{¶5} "The trial court erred, to the detriment of appellant, by denying appellee [sic] spousal support."

{¶6} Appellant asserts the divorce decree and the stipulations conflict and therefore additional testimony was necessary to establish the parties' intent. We do not agree.

{¶7} The divorce decree expressly stated the court approved the parties' stipulations and incorporated them into the judgment. Both the decree and the stipulations addressed the issue of spousal support. The decree provides:

{¶8} [Appellee] shall pay [appellant], as for spousal support the amount of $1,000.00 per month, plus processing fee, subject to a change in circumstances of the parties, such as if [appellant] remarries, death of one party; [appellant's] cohabitation in a like marital state. Further, in the event [appellant] can immediately begin to draw her marital share of [appellee's] pension, the Court will retain jurisdiction and review said support.

{¶9} The stipulations echoed these points but further added that the $1,000-per-month obligation would "commence February 1st of 2009 and continue until such time as [appellee] retires."

{¶10} Read together, the decree and the stipulations are redundant with the exception of when the support would commence and when, irrespective of the other conditions, it would, with certainty, terminate, i.e., upon appellee's retirement. Simply because the decree did not explicitly state retirement as the point at which the support order would terminate does not imply the parties did not intend this result. To the

3

contrary, as there was no objection to this point at the hearing on stipulations, the retirement-termination provision unequivocally reflects the parties' intent.

{¶11} Stipulations are voluntary agreements between opposing parties, and thus are subject to principles of contract law and a de novo standard of review. *State v. Blaine*, 4th Dist. Highland No. 03CA9, 2004-Ohio-1241, ¶11-12, citing Black's Law Dictionary (7th Ed. 1999) 1427. Stipulation agreements, like contracts, should be interpreted to carry out the intent of the parties as evidenced by the contract's language. *See Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, ¶9.

{¶12} The agreement relating to the commencement date and the specific termination date was part of the stipulations and incorporated into the court's final judgment. Because the court fully incorporated the stipulations into its decree, it did not need to expressly address this point in its decree. We therefore hold the parties intended the support order to terminate upon appellee's retirement.[1]

{¶13} Although appellant does not argue the point on appeal, it is also worth pointing out that the court reserved jurisdiction to review the issue of support *only* in the event appellant commenced an immediate draw on appellee's pension. Appellant does not assert this appeal is based upon her accepting an early draw on appellee's pension. Indeed, the record indicates appellant declined to exercise this option. Given these

---

1. The dissenting opinion observes that jurisdiction over domestic relations matters is determined by statute and thus parties cannot stipulate to a court's subject matter jurisdiction. With respect to the issue of spousal support, however, R.C. 3105.18(E)(1) provides that a court *does not* have jurisdiction to modify spousal support unless, in the case of a divorce, "the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." In this case, neither the decree, nor the agreement relating to property division and spousal support, i.e., the stipulations, include an unconditional reservation of jurisdiction to modify the support order. The court reserved jurisdiction over the issue of support only if appellant began to immediately draw on appellee's retirement benefits; a circumstance that did not occur. Statutorily, therefore, the court could not unconditionally revisit the issue of spousal support as appellant asserts.

4

facts, the conditional jurisdictional reservation was rendered inoperative once appellee retired. A review of the decree and the stipulations demonstrate that the court did not expressly reserve jurisdiction to review the issue unconditionally. And, neither the decree nor the stipulations suggest the parties intended the court to possess continuing jurisdiction over the issue after appellee's retirement. We therefore hold, as a matter of law, appellee's spousal support obligation terminated upon his retirement and the trial court is without jurisdiction to address, let alone reinstate, its earlier order.

{¶14} Appellant's assignment of error lacks merit.

{¶15} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is hereby affirmed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


{¶16} I respectfully dissent.

{¶17} The majority points out that the divorce decree and the stipulations demonstrate that the trial court did not expressly reserve jurisdiction to review the spousal support issue "unconditionally." The majority also contends that neither the decree nor the stipulations suggest the parties intended the trial court to possess continuing jurisdiction over the issue after appellee's retirement. Thus, the majority concludes that appellee's spousal support obligation terminated upon his retirement and

5

the trial court is without jurisdiction to address, let alone reinstate, its earlier order. I disagree.

{¶18} Parties cannot stipulate to jurisdiction. *Durgans v. Durgans*, 11th Dist. No. 2000-P-0026, 2001 Ohio App. LEXIS 492, *10, fn. 6 (Feb. 9, 2001); *King v. King*, 4th Dist. No. 01CA719, 2002 Ohio App. LEXIS 1100, *11, fn. 7 (Mar. 8, 2002). With respect to spousal support, "'the court entering such judgment has continuing jurisdiction to enforce or construe the rights of the parties.'" *McLaughlin v. McLaughlin*, 178 Ohio App.3d 419, 2008-Ohio-5284, ¶13 (4th Dist.2008), quoting *In re Kirchgessner*, 7th Dist. No. 1176, 1978 Ohio App. LEXIS 9355 (Oct. 31, 1978).

{¶19} In this case, regarding appellee's retirement, the stipulations, when read in their entirety, allow for a spousal support examination. In addition, the trial court, via the parties' divorce decree, retained jurisdiction to revisit the issue of spousal support. Thus, the language of both documents allows the court to examine the spousal support issue after appellee's retirement. Jurisdiction of the domestic relations court is determined by statute and cannot be modified or altered by the parties by contract or agreement after the court's retention of jurisdiction in the original decree. Therefore, in this writer's humble analysis, the court is required to hold a hearing and make a decision upon the factors outlined in R.C. 3105.18. Based upon the foregoing, the trial court erred in denying appellant due process through its denial of a hearing on her request to reinstate spousal support.

{¶20} I believe this matter should be remanded to the trial court for a hearing on the statutory requirements for modification of spousal support and the merits of appellant's request to reinstate.

6

**{¶21}** Thus, I dissent.