[Cite as *Salvato v. Salvato*, 2013-Ohio-5268.]

### IN THE COURT OF APPEALS

### ELEVENTH APPELLATE DISTRICT

### TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| LAWRENCE S. SALVATO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0024** |
| WINDY SALVATO, | : | |
| Defendant-Appellee. | : | |

Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2010 DR 381.

Judgment: Affirmed.

*Robert J. Rohrbaugh, II,* Robert J. Rohrbaugh, II, L.L.C., 4800 Market Street, Ste. A, Boardman, OH 44512 (For Plaintiff-Appellant).

*Matthew J. Blair,* Blair & Latell Co., L.P.A., 724 Youngstown Road, Suite 12, Niles, OH 44446 (For Defendant-Appellee).

*Jennifer R. Robbins,* 7081 West Boulevard, Youngstown, OH 44512 (Guardian ad litem).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Lawrence S. Salvato, appeals the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, adopting the magistrate's decision increasing the spousal support award in favor of his former wife, appellee, Windy Salvato. At issue is whether the trial court exceeded its jurisdiction in modifying the amount of spousal support. For the reasons that follow, we affirm.

{¶2} The parties were married in 1998. Two children were born as issue of the marriage, their daughter, M.S., now age 14; and their son, S.S, now age eight.

{¶3} On November 16, 2010, Lawrence filed a complaint for divorce against Windy. She filed an answer. The parties entered a settlement agreement with respect to all issues, including property division, custody, child support, and spousal support, which was set forth in a series of stipulations, which the trial court adopted and incorporated in an agreed divorce decree, which was signed by the parties and filed on November 15, 2011.

{¶4} Pursuant to the parties' agreement, the decree provided that Windy would be designated as legal custodian and residential parent of both children with liberal visitation rights granted to Lawrence.

{¶5} With respect to child support and spousal support, again, by agreement of the parties, the decree provided:

{¶6} 12. [Lawrence] is ordered to pay [Windy] per the Ohio Revised Code Guidelines [child support], plus spousal support a total of two thousand dollars ($2,000.00) per month plus poundage through the Child Support Enforcement Agency.

{¶7} 13. [Windy's] $2,000.00 monthly payments will be allocated as follows: $1,158.80 is for [Lawrence's] child support obligation. *See* calculation attached and marked as Exhibit "C". [Lawrence] will pay [Windy] spousal support in the amount of $842.20 per month commencing on October 1, 2011 and continuing for a period of thirty-six (36) months. [Lawrence's] spousal support obligation

2

shall terminate in the event of the death of either party, [Windy's] remarriage or [her] cohabitation with an unrelated male in a relationship similar to marriage.

{¶8} The spousal support shall not be modifiable unless [Lawrence's] income falls below $57,250.00 or unless [Windy's] income increases above $23,750.00.

{¶9} Thereafter, on March 14, 2012, Lawrence filed a motion to reallocate parental rights and responsibilities, asking that he be designated as legal custodian and residential parent of the parties' 14-year-old daughter, M.S., and for a corresponding reduction of child support.

{¶10} The magistrate held a hearing on the motion on December 11, 2012. Lawrence testified that the original award of child support, i.e., $1,158.80, was based on the parties' agreement that Windy would be designated as legal custodian and residential parent of both children. Lawrence testified the parties had recently agreed that Lawrence would have custody of M.S. He said that, pursuant to this agreement, M.S. had moved in with him and his fiancé on October 5, 2012. Lawrence testified that his child support obligation should be modified to reflect this change of custody. He testified that, before this change, his finances were tight, and that if he was required to continue the $2,000 monthly payment to Windy, it would create a hardship for him. He said that, while his income will stay the same, with his daughter now living with him, his expenses will increase due to items like food, extracurricular activities, and transportation to and from school. Lawrence is employed at General Motors and his annual income is $79,000/year. His fiancé, with whom he resides, also works for

3

General Motors and earns about $79,000/year. In contrast, Windy was a stay-at-home mom during the 14 years of the parties' marriage and has no job and no income of her own with which to support her or her son.

{¶11} Although Windy agreed that Lawrence should have legal custody of M.S., she testified that, pursuant to the parties' agreement, she was entitled to a $2,000 monthly payment for child and spousal support for three years and requested that it remain in effect. She testified it was her understanding that she would receive the combined amount of $2,000 for child support and spousal support for three years, regardless of the amount of each separate award. She said she understood the amount of spousal support would be $2,000 less the amount of child support.

{¶12} On December 19, 2012, the magistrate entered his decision. With respect to the request for change of custody, by agreement of the parties, the magistrate placed legal custody of M.S. with Lawrence. The parties stipulated to the revised child support calculation. With respect to Windy's support award, the magistrate decided as follows:

{¶13} On the issue of spousal support and child support[, the] parties agreed that [Windy] was to receive $2,000.00 less child support but a total of $2,000.00 per month. Now that we have a split custody[, Windy is] to still receive $2,000.00 as follows: $723.00 per month child support and $1,277.00 per month spousal support. This new break down is effective 10/5/2012.

{¶14} Lawrence timely filed objections to the magistrate's decision and the transcript of the hearing before the magistrate. Lawrence argued that the magistrate's decision increasing the amount of spousal support violated the plain language of the

4

agreed divorce decree that the amount of spousal support was not modifiable unless Lawrence's annual income fell below $57,250 or Windy's income was more than $23,750. It was undisputed that neither party satisfied this condition. Based on his objections, Lawrence requested an order reinstating spousal support at $842/month.

{¶15} However, on February 14, 2013, the trial court overruled Lawrence's objections and adopted the magistrate's decision. In support, the court found that the parties had entered a stipulation, which was incorporated into the divorce decree, that spousal support would be paid at the rate of the difference between $2,000 and the amount of the child support award, for a total of $2,000, excluding poundage, for 36 months.

{¶16} Lawrence appeals the trial court's judgment, asserting the following for his sole assignment of error:

{¶17} "Trial court abused its discretion in modifying appellant's previous order of spousal support."

{¶18} While Lawrence's assignment of error alleges the trial court abused its discretion in modifying spousal support, he does not present any argument in support of this assigned error. Instead, he asserts a jurisdictional argument.

{¶19} Lawrence argues that, because the divorce decree provided that spousal support would only be modifiable if Lawrence's income was less than $57,250 or Wendy's income was more than $23,750 and neither party met this condition, the court exceeded its jurisdiction under R.C. 3105.18 in modifying spousal support. Thus, the only issue Lawrence raises on appeal is whether the trial court had jurisdiction to modify the amount of spousal support as set forth in the divorce decree.

5

**{¶20}** In contrast, Wendy argues that, in modifying the amount of spousal support, the court did not exceed its continuing jurisdiction.

**{¶21}** R.C. 3105.18(F)(2) addresses the trial court's continuing jurisdiction to modify an award of spousal support. That section provides:

**{¶22}** In determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and *enforce any voluntary agreement of the parties. Absent an agreement of the parties, the court shall not modify the continuing jurisdiction of the court as contained in the original decree.* (Emphasis added.)

**{¶23}** This court has held that issues regarding the jurisdiction of the domestic relations court are reviewed de novo and, therefore, without deference to the trial court's determination. *Kopczak v. Kopczak*, 11th Dist. Ashtabula No. 2011-A-0056, 2012-Ohio-3014, ¶14.

**{¶24}** Here, the agreed divorce decree provided that Windy's combined support award was $2,000/month for three years and that this award was the sum of child support and spousal support. Thus, Windy was to receive $2,000/month, regardless of the amount of child support and spousal support. The apparent purpose of this award was to equalize the parties' positions in light of the length of the marriage (14 years) and the great disparity between the parties' employment and incomes. In modifying the amount of spousal support, the trial court followed the parties' agreement that the combined amount of the support award would be $2,000/month.

6

{¶25} The parties' stipulations incorporated into the divorce decree confirm this was the parties' agreement.  They provide in pertinent part:

{¶26} MR. ROSSI [Windy's attorney]:

{¶27} Commencing October 1st, 2011, [Lawrence] is going to pay a combined child support/spousal support obligation in the sum of $2,000.00.

{¶28} * * *

{¶29} The parties agree spousal support, your honor, is paid at the rate of whatever the difference between the child support and the spousal support, for a total of [$]2,000, excluding poundage, for a period of thirty-six months.

{¶30} It terminates upon:  The death of either party; the cohabitation of [Windy] in a relationship with a third party; the remarriage of [Windy].

{¶31} It is not * * * terminated or modifiable upon:

{¶32} A change in the financial circumstances of either party, unless [Lawrence's] income goes * * * to $57,250.00 or below, then, it can become * * * modifiable by the Court.

{¶33} Or if [Windy] goes * * * to [$]23,750, or more than that, then, it becomes subject to modification * * * .

{¶34} THE COURT:  Is that acceptable, Attorney Nosich [Lawrence's attorney]?

**{¶35}** MR. NOSICH: That's acceptable, your Honor. That was the Agreement.

**{¶36}** Lawrence argues that, despite the provision in the decree that the $2,000 combined support order would remain in effect for three years, the decree also contained a provision that spousal support was not modifiable unless Lawrence's income fell below $57,250 or Windy's income was more than $23,750. He argues that, since neither party's income fell beyond his or her income threshold, the court did not have jurisdiction to modify spousal support.

**{¶37}** Thus, the issue before the trial court was which of these two competing provisions was intended by the parties to prevail for purposes of determining the court's jurisdiction to modify spousal support.

**{¶38}** An agreed divorce decree, like a separation agreement, is an agreement of the parties that is made an order of the court. *Zimmer v. Zimmer*, 10th Dist. Franklin No. 00AP-383, 2001 Ohio App. LEXIS 713, *5 (Feb. 27, 2001).

**{¶39}** Like other contracts, an agreement incorporated in a divorce decree can only be interpreted if the provisions are ambiguous or uncertain. *Goulding v. Goulding*, 11th Dist. Trumbull No. 2007-T-0011, 2007-Ohio-6927, ¶37. Contract language is ambiguous if the contract language is susceptible to two or more *conflicting*, yet reasonable, interpretations. *Covington v. Lucia*, 151 Ohio App.3d 409, 2003-Ohio-346, ¶18 (10th Dist.), citing *Potti v. Duramed Pharmaceuticals, Inc.*, 938 F.2d 641, 647 (6th Cir.1991). Contracts are to be interpreted to carry out the intent of the parties, as that intent is evidenced by the contractual language. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989). The determination of whether provisions in a

8

contract are ambiguous is a legal issue that we review de novo. *Euclid Asphalt Paving Co. v. Pricom Asphalt Sealcoating, Inc.*, 11th Dist. Lake No. 2004-L-175, 2005-Ohio-7049, ¶17.

{¶40} However, if the contract language is capable of two reasonable but conflicting interpretations, there is an issue of fact as to the parties' intent. *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322 (1984). When addressing conflicting provisions in a contract, the court must examine parol or extrinsic evidence to determine the parties' intent. *Euclid Asphalt Paving, supra, at* ¶16. Such extrinsic evidence may include the circumstances surrounding the parties at the time the contract was made and the objectives the parties intended to accomplish by entering into the contract. *Covington, supra*. The determination of the parties' intentions is a factual inquiry and, thus, we must presume that the trial court's interpretation of the agreement via the parties' intentions is correct. *Euclid Asphalt Paving, supra*, at ¶18. Thus, if the evidence supports more than one interpretation, we shall give deference to the lower court's credibility determinations. *Id.* "Accordingly, where a contract is ambiguous, we will not overturn the trial court's interpretation absent a showing of an abuse of discretion." *Id.* This court has stated that the term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *Gaul v. Gaul*, 11th Dist. Ashtabula No. 2009-A-0011, 2010-Ohio-2156, ¶24.

{¶41} In addressing these competing provisions, the trial court essentially found they were in conflict, i.e., ambiguous. While one provision entitles Windy to a $2,000/month support payment, another provision allows modification of the spousal

9

support only if either party's income fell outside his or her income threshold. While the $2,000 provision entitles Windy to this amount under any circumstances, thus requiring modification of one support award if the other is modified, the income-threshold provision would prevent the spousal support award to be modified in the circumstances presented here. Applying the de novo standard of review to this determination, we hold the trial court did not err in finding these provisions are ambiguous.

{¶42} Next, with respect to the factual issue of the parties' intent, the court was entitled to consider Windy's testimony that she understood she would receive $2,000/month for three years, regardless of the amount of child support. During her testimony, the following colloquy took place between her and the magistrate:

> {¶43} THE COURT: So if I understand your answer, at the time of your Divorce you believed that you were going to get $2,000.00 a month for thirty-six months; it didn't matter which was which - - child support or spousal support - - but it was your understanding, at least, that you would get a total of $2,000.00 a month?
>
> {¶44} THE WITNESS: Yes.

{¶45} In light of the foregoing evidence, the court found: "On the issue of spousal support and child support parties agreed that [Windy] was to receive $2,000.00 less child support but a total of $2,000.00 per month." The court thus found the parties intended that the provision in the decree that Windy would receive $2,000/month prevailed over the provision that the amount of spousal support was only modifiable if either party's income fell beyond his or her income threshold. Since the record contains

10

parol evidence supporting the court's finding regarding the parties' intent, we cannot say the trial court abused its discretion.

{¶46} Because the divorce decree authorized the trial court to modify the spousal support award in order to maintain the combined $2,000 award, this provision vested the trial court with jurisdiction to modify spousal support.

{¶47} For the reasons stated in this Opinion, it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶48} I respectfully dissent.

{¶49} The majority finds no error in the trial court's determination that the $2,000 combined order (for spousal support and child support) should remain in effect for three years, pursuant to the parties' agreement and stipulations, even though the record reflects a clear change in circumstances in child support. Because I believe that a modification in child support is mandated under the child support guidelines and R.C. 3109.05, I disagree with the majority's position.

{¶50} Parties cannot stipulate to jurisdiction. *Durgans v. Durgans*, 11th Dist. Portage No. 2000-P-0026, 2001 Ohio App. LEXIS 492, *10, fn. 6 (Feb. 9, 2001); *King v.*

11

*King*, 4th Dist. Adams No. 01CA719, 2002 Ohio App. LEXIS 1100, *11, fn. 7 (Mar. 8, 2002). "While trial courts may not have continuing jurisdiction to 'modify' an award or agreement for the payment of spousal support, 'the court entering such judgment has continuing jurisdiction to enforce or construe the rights of the parties.'" *McLaughlin v. McLaughlin*, 178 Ohio App.3d 419, 2008-Ohio-5284, ¶13 (4th Dist.), quoting *In re Kirchgessner*, 7th Dist. Columbiana No. 1176, 1978 Ohio App. LEXIS 9355 (Oct. 31, 1978).

**{¶51}** R.C. 3105.18 is the statutory provision governing the award and modification of spousal support. A court may modify an award of spousal support if the circumstances of either party have changed and if the divorce decree contains a provision reserving the court's jurisdiction to modify. R.C. 3105.18(E). If a court finds a change in circumstances, it must reexamine the existing award to determine if it is still appropriate and reasonable. *Anspach v. Anspach*, 11th Dist. Geauga No. 2007-G-2762, 2007-Ohio-5207, ¶14.

**{¶52}** On the other hand, in considering an award and modification of child support, a trial court must follow the mandates of R.C. 3109.05. "Child support, unlike spousal support**,** is specific to the child support guidelines and worksheet * * *." *Trickey v. Trickey*, 6th Dist. Lucas No. L-09-1307, 2011-Ohio-140, ¶16. Children's issues, including child support, are always modifiable**.** *See Boldt v. Boldt*, 9th Dist. Summit No. 18736, 1998 Ohio App. LEXIS 5854, *7 (Dec. 9, 1998).

**{¶53}** In this case, the record reflects that the $1,158.80 original child support portion of the $2,000 combined order (for spousal support and child support) was based on the parties' previous agreement that Windy would be designated as legal custodian

12

and residential parent of *both* children. However, the parties later agreed that Lawrence would have legal custody of M.S., who moved in with him and his fiancé on October 5, 2012.

**{¶54}** Lawrence testified at the December 11, 2012 hearing before the magistrate that before this change in custody, his finances were "tight." He explained that if he were required to continue the combined $2,000 monthly payment to Windy, it would create a hardship for him. Lawrence stated that with his daughter now living with him, his expenses have increased due to items like food, extracurricular activities, and transportation to and from school.

**{¶55}** Nevertheless, the trial court kept the combined award at $2,000, (i.e., the stipulated amount *before* the change in custody,) and the majority here finds no error. However, I believe that Lawrence's child support obligation of $1,158.80 (which was for *both* children) should have been modified downward to reflect the change in custody. Therefore, in this writer's humble analysis, the court is required to hold a hearing and make a decision upon the child support guidelines. Based on the foregoing, I believe this matter should be reversed and remanded.

**{¶56}** Accordingly, I respectfully dissent.